■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN DANIELS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered June 10, 1986, convicting him of murder in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that his confession was obtained in violation of his right to counsel because the interrogating detectives either knew or should have known that there was a pending charge against him. Given the defendant's representation that his last arrest had been "disposed of", the detectives cannot be charged with either actual or constructive knowledge of a pending charge or

that he was still represented by counsel *(see, People v Bertolo,* 65 NY2d 111; *People v Lucarano,* 61 NY2d 138; *People v Bartolomeo,* 53 NY2d 225).* Moreover, the prior charge was for the misdemeanor offense of theft of services and was sufficiently remote in time so as to justify the detectives' belief that the charge was no longer pending. Contrary to the defendant's contention, there was no evidence adduced at the hearing to support a finding that the detectives deliberately shielded themselves from this information or that they otherwise acted in bad faith *(see, People v Bertolo, supra; People v Servidio,* 54 NY2d 951; *People v Dubois,* 140 AD2d 619). The record demonstrates that the detectives administered *Miranda* warnings to the defendant twice, once before his oral confession and once before his written confession, and that he effectively waived those rights. Under these circumstances, the defendant's constitutional right to counsel was not violated and suppression of his confession was not warranted.

Nor do we find reversible error in the trial court's restriction of the cross-examination of the detective as to whether, at the time he interrogated the defendant, he knew that the defendant had a pending criminal charge. A defendant is usually entitled to seek to convince the jury that a statement introduced at trial was involuntarily obtained in violation of his constitutional rights, even though the court has previously ruled that the statement was admissible *(see,* CPL 710.70 [3]; 60.45; *Crane v Kentucky,* 476 US 683; *People v Graham,* 55 NY2d 144; *People v Casiano,* 123 AD2d 712). Nonetheless, where, as here, the voluntariness of the statement involves a question of law, the issue is not one for the jury and thus, the defendant has no right to re-present it at trial *(see, People v Medina,* 146 AD2d 344). Accordingly, the court's ruling was proper.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review or do not require reversal. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.