■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP COPELAND, Appellant. [602 NYS2d 683] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 16, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues, as did his codefendant *(see, People v Scott,* 197 AD2d 644 [decided herewith]), that during the jury selection process, the prosecutor improperly exercised several

of his peremptory challenges in order to remove black prospective jurors. We find that during the jury selection process, the defendants failed to articulate and develop all the grounds, both factual and legal, supporting their claim. Their perfunctory statement that 10 excluded prospective jurors were black did not establish the existence of facts and other relevant circumstances sufficient to raise an inference that the prosecutor had used his peremptory challenges to exclude individuals because of their race (see, People v Scott, supra; see also, People v Childress, 81 NY2d 263, 268; People v Smith, 81 NY2d 875).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, we find that the People satisfied their burden of disproving the defendant's alibi defense beyond a reasonable doubt (see, People v Victor, 62 NY2d 374). Although the defendant presented several alibi witnesses, it cannot be said that the trier of fact improperly discredited their testimony (see, People v Domond, 193 AD2d 692; People v Edens, 181 AD2d 741). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review or lacking in merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.