■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD SCOTT, Appellant. [602 NYS2d 681] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered June 6, 1989, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We disagree with the defendant's contention that the hearing court should have suppressed his statements because the police knew that he had a pending case and that he actually had counsel on that case. In People v Bing (76 NY2d 331), the Court of Appeals overruled the decision in People v Bartolomeo (53 NY2d 225) and held that a defendant's representation by counsel on a prior, pending charge is not a bar to the waiver of his rights, in the absence of counsel, with regard to

new, unrelated charges *(see also, People v Middleton,* 180 AD2d 761; *People v McEachern,* 166 AD2d 614). Accordingly, the hearing court properly denied suppression of the statements of the defendant who, after being read his *Miranda* warnings, failed to invoke his right to counsel. In any event, although the record indicates that the police had knowledge that the defendant was possibly involved in other matters, the defendant told them that any other police matters he had been involved in had ended long ago. Therefore, there was no duty for the police to make further inquiry. They had a right to rely on the defendant's statement that he was not represented by counsel *(see, People v Lucarano,* 61 NY2d 138; *People v Daniels,* 159 AD2d 513).

The defendant also contends that the jury selection process was unfair since the court improperly denied several of the codefendant's challenges for cause. That codefendant was tried jointly with this defendant, and his appeal is decided herewith *(see, People v Copeland,* 197 AD2d 629). This issue is unpreserved for appellate review at least with respect to two of the prospective jurors whom the defendant now claims the court erroneously failed to dismiss, since at the voir dire, the defendant's counsel failed to challenge them for cause *(see,* CPL 270.15 [4]; *People v Foster,* 100 AD2d 200, 207, *mod on other grounds* 64 NY2d 1144, *cert denied* 474 US 957). As to the other two prospective jurors, we find that, although initially a question was raised regarding each prospective juror's ability to render an impartial verdict, subsequently each prospective juror unequivocally stated that his prior state of doubtfulness would not influence his verdict and that he could render an impartial verdict based solely on the evidence *(see,* CPL 270.20 [1] [b]; *see generally, People v Blyden,* 55 NY2d 73, 77-78). Accordingly, the defendant's contention that the court erred in refusing to discharge either of them is without merit.

The defendant also contends that during the jury selection process the prosecutor improperly exercised 10 of his peremptory challenges in order to remove black members of the venire. However, the defendant failed to articulate and develop all of the grounds supporting this claim, both factual and legal, during the last colloquy in which the objection was raised. The perfunctory statement that 10 excluded prospective jurors were black did not establish the existence of facts and other relevant circumstances sufficient to raise an inference that the prosecutor had used his peremptory challenges to exclude individuals because of their race. Thus, the defendant's objection was properly overruled *(see, People v Chil-*

*dress,* 81 NY2d 263, 268; *see also, People v Smith,* 81 NY2d 875).

We have reviewed the defendant's remaining contentions and find them to be unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.