■ In the Matter of Jose Padilla, Appellant, v New York State Board of Parole, Respondent. [726 NYS2d 298] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered September 12, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 15 years to life after having been convicted of murder in the second degree, burglary in the first degree and criminal use of a firearm. Petitioner's applications for parole release were previously denied in 1996 and 1998. Respondent denied petitioner's most recent request for parole in November 1999, after concluding that releasing petitioner would be incompatible with the welfare and safety of the community and would deprecate the seriousness of his crime. Supreme Court dismissed the CPLR article 78 proceeding to review that determination and we affirm.

The record demonstrates that respondent considered the relevant statutory factors in denying petitioner's request for parole release, including the serious nature of the crime, petitioner's positive accomplishments in prison and postrelease plans (*see*, Executive Law § 259-i; *Matter of Felder v Travis*, 278 AD2d 570). We are unpersuaded by petitioner's assertion that respondent's decision to impose a 24-month hold despite having imposed a 12-month hold following his 1998 appearance demonstrates that respondent's determination was affected by a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476, quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77). Accordingly, we perceive no basis upon which to disturb respondent's discretionary determination that petitioner was not an acceptable candidate for parole release (*see, Matter of Felder v Travis, supra*). Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P. J., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.