Matter of Copeland v Towns (2025 NY Slip Op 07358)

Matter of Copeland v Towns

2025 NY Slip Op 07358

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

CV-24-1892
[*1]In the Matter of Phillip Copeland, Appellant,
vDarryl C. Towns, as Chair of the Board of Parole, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher and McShan, JJ.

Parole Preparation Project, New York City (Martha Rayner of counsel), for appellant.
Letitia James, Attorney General, Albany (Dustin J. Brockner of counsel), for respondent.
Appellate Advocates, New York City (Lisa Napoli of counsel), for Appellate Advocates and others, amici curiae.

McShan, J.
Appeal from a judgment of the Supreme Court (Richard Platkin, J.), entered September 6, 2024 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole.
Petitioner is serving a prison sentence of 25 years to life after having been convicted of murder in the second degree and criminal possession of a weapon in the second degree in 1989 (see People v Copeland, 197 AD2d 629 [2d Dept 1993], lv denied 82 NY2d 848 [1993]). The convictions stemmed from a 1988 incident in which he coordinated and participated in the execution of a police officer who was sitting in a marked police car guarding the home of an individual who had been threatened with violence. Petitioner was denied parole release at his first appearance before the Board of Parole in 2012, as well as at several reappearances over the ensuing years. As is relevant here, the Board denied petitioner's request for parole release in November 2022 and imposed an 18-month hold. Upon administrative appeal, that determination was vacated and the matter remitted for a de novo hearing given the failure of the Board to explain its departure from the low scores on the COMPAS risk assessment instrument prepared for petitioner (see Executive Law § 259-c [4]; 9 NYCRR 8002.2 [a]). Following a hearing in September 2023, the Board again denied petitioner's request for parole release and imposed a 24-month hold effective from the date of the November 2022 hearing.[FN1] The determination was upheld upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding and challenge, in particular, the decision to impose a 24-month hold rather than the 18-month hold imposed by the Board in 2022. Following joinder of issue, Supreme Court dismissed the petition. Petitioner appeals.
We affirm. Petitioner does not dispute that he received a de novo hearing before different members of the Board in the wake of the 2022 determination, after which the Board rendered a determination that appropriately considered the expressions of community support and opposition to his release, as well as "the requisite statutory factors, [including] the serious nature of [his] crimes, his lack of criminal history, his positive program and vocational accomplishments, his relatively clean prison disciplinary record, his postrelease plans and his low score on the COMPAS" instrument, and denied his request for parole release (Matter of Applewhite v New York State Bd. of Parole, 167 AD3d 1380, 1382 [3d Dept 2018], appeal dismissed 32 NY3d 1219 [2019]; see Executive Law § 259-i [2]; Matter of Mills v New York State Bd. of Parole, 224 AD3d 1025, 1028-1029 [3d Dept 2024], lv dismissed & denied 41 NY3d 1015 [2024]). Having done so, "[t]he scheduling of the reconsideration hearing was a matter for the Board to determine in the exercise of its discretion, subject to the statutory 24-month maximum" [*2](Matter of Tatta v State of N.Y. Div. of Parole, 290 AD2d 907, 908 [3d Dept 2002], lv denied 98 NY2d 604 [2002]; see Executive Law § 259-i [2] [a]). The Board elected to schedule that hearing 24 months out and, on its face, there was nothing improper in imposing that hold as opposed to the 18-month one imposed in the 2022 determination (see Matter of Thompson v New York State Bd. of Parole, 120 AD3d 1518, 1519 [3d Dept 2014]; Matter of Padilla v New York State Bd. of Parole, 284 AD2d 685, 685 [3d Dept 2001], appeal dismissed & lv denied 97 NY2d 649 [2001]). "Actions undertaken by an administrative entity are cloaked with a presumption of regularity," and petitioner fails to rebut that presumption with proof to support his speculation that the Board imposed a longer hold to retaliate for his successful administrative appeal from the 2022 determination (Matter of Georgian Motel Corp. v New York State Liq. Auth., 206 AD2d 761, 762 [3d Dept 1994], lv denied 84 NY2d 811 [1994]).[FN2] Thus, in the absence of "a showing of irrationality bordering on impropriety," we perceive no reason to disturb the Board's determination (Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77 [1980]; see Matter of Padilla v New York State Bd. of Parole, 284 AD2d at 685).
Reynolds Fitzgerald, J.P., Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Petitioner received a parole hearing in November 2024 and was again denied his request for release. A 24-month hold was imposed from the date of that hearing.

Footnote 2: Petitioner notes that, in the criminal context, constitutional due process concerns give rise to "a presumption of vindictiveness . . . where a defendant successfully appeals an initial conviction, and is re-tried, convicted, and given a greater sentence than that imposed after the initial conviction" (People v Martinez, 26 NY3d 196, 199 [2015]). Although that presumption could arise in administrative contexts where the retaliatory conduct impacts "interests protected by the [D]ue [P]rocess [C]lause" (Matter of Avery v Rechter, 71 AD2d 500, 503 [3d Dept 1979]), it does not here because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence" (Greenholtz v Inmates of Neb. Penal & Corr. Complex, 442 US 1, 7 [1979]; accord People ex rel. Johnson v Superintendent, Adirondack Corr. Facility, 36 NY3d 187, 199 [2020]). Petitioner is only entitled by statute to have a reconsideration hearing scheduled within 24 months of the denial of his request for parole release, which has occurred.