(159 App. Div. 301.)

### ELDRED v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   November 28, 1913.)

CORPORATIONS (§ 503*)—ACTION—VENUE—RESIDENT.

> Under Code Civ. Proc. § 341, as amended by Laws 1911, c. 68, so as to provide that a domestic corporation, any part of whose plant, shops, factories, or offices is actually located within the county, is a resident thereof, a city extending into several counties is, for the purpose of giving jurisdiction to the County Court, a resident of any county wherein it actually has offices, though they are not its principal place of business; the amendment changing the former law, which made the test of residence whether the municipality's principal place of business was located within the county.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1835–1939, 1942–1946; Dec. Dig. § 503.*]

Appeal from Queens County Court.

Action by Carrie A. Eldred against the City of New York, impleaded with others. From a judgment dismissing the complaint as to the city of New York, plaintiff appeals. Reversed and remanded.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

J. Baldwin Hand, of New York City (Richard B. Hand, of New York City, on the brief), for appellant.

Clarence L. Barber, of New York City (Terence Farley, of New York City, on the brief), for respondent.

RICH, J.   This action was brought in the County Court of Queens county to recover for personal injuries. When the case was moved for trial, the defendant the city of New York asked to amend its answer by alleging want of jurisdiction in the trial court of the person of the respondent, or of the subject-matter of the action, and after the amendment was allowed moved to dismiss the complaint as to it for want of jurisdiction. The motion was granted, and from the judgment accordingly entered this appeal is taken.

It is conceded that jurisdiction was not conferred by the appearance or answer of the defendant city. The sole question presented for consideration is whether the County Court of Queens county has jurisdiction of an action against the city of New York in which the complaint demands judgment for a sum of money not exceeding $2,000. The Court of Appeals in Maisch v. City of New York, 193 N. Y. 460, 86 N. E. 458, in determining a similar question involving the jurisdiction of the County Court of Kings county, held that the question turned upon the provisions of sections 340 and 341 of the Code of Civil Procedure defining the jurisdiction of County Courts; that jurisdiction was conferred only when the defendant, if a domestic corporation, had its principal place of business within the county in which jurisdiction was asserted; and that, as the principal place of business of the city of New York was in New York county, jurisdiction was not conferred upon the County Court of Kings county. Judge Vann said:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"It is suggested, however, that it would be better to take a broader and more natural view, and hold that a city is a resident of every county into which its territory extends; but that subject is not for the courts to deal with. * * * In this state the Legislature creates municipal corporations and confers upon them such powers and attributes as it sees fit. We think it has conferred upon every city in the state the attribute of residence in that county in which its principal place of business is located, so far as residence controls the jurisdiction of County Courts."

In 1911, and after this decision was rendered, the Legislature amended section 341 of the Code, by adding a clause providing that a domestic corporation, any part of whose—

"plant or plants, shops, factories or offices is actually located within the county, * * * is deemed a resident of the county." Laws 1911, c. 68.

It seems clear that this amendment was made with the intention on the part of the Legislature to extend the jurisdiction of County Courts accordingly. The statute must be given a fair and liberal construction to effectuate this intent. As it is conceded that part of the offices of the defendant the city of New York are located in the county of Queens, it must be held that the County Court of that county had jurisdiction of the cause of action.

It follows that the judgment of the County Court of Queens county must be reversed, and a new trial ordered; costs to abide the event. All concur.