The judgment and order appealed from should be reversed on the law, without costs, and the complaint dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and BASTOW, JJ.

Judgment and order reversed on the law, without costs of this appeal to either party, and complaint dismissed, without costs.

FRANCES ANDRAKA, Respondent, *v.* TOWN OF POMPEY et al., Appellants.

EDWARD ANDRAKA, SR., Respondent, *v.* TOWN OF POMPEY et al., Appellants.

DOROTHY ANDRAKA, an Infant, by EDWARD ANDRAKA, SR., Her Guardian ad Litem, Respondent, *v.* TOWN OF POMPEY et al., Appellants.

EDWARD ANDRAKA, JR., an Infant, by EDWARD ANDRAKA, SR., His Guardian ad Litem, Respondent, *v.* TOWN OF POMPEY et al., Appellants.

Fourth Department, May 2, 1956.

*Warren B. Murphy, Town Attorney,* for appellants.

*Milton J. Crystal* for respondents.

BASTOW, J. The defendants in these actions by appropriate motion sought a dismissal of the complaints upon the ground that the Municipal Court of Syracuse does not have jurisdiction of the subject of the actions. The several plaintiffs, residents of the city of Syracuse, were occupants of an automobile owned by the plaintiff, Edward Andraka, Sr., and operated at the time by his wife the plaintiff, Frances Andraka, on a public highway in the town of Pompey. It is alleged that the highway was negligently maintained causing the automobile to overturn with resulting injuries and damages to the plaintiffs. The individual defendant is the town superintendent of highways.

The defendants contend that the Municipal Court of Syracuse does not have jurisdiction over this town, which is geographically a part of the county of Onondaga. The Municipal Court held to the contrary and this determination was affirmed by the

Onondaga County Court. The thrust of the town's contention is that it is not a corporation within the purview of the provisions of the Syracuse Municipal Court Code (L. 1937, ch. 742, as amd.) and that these actions must be brought in the Supreme Court or County Court.

The Municipal Court of Syracuse is a court of record (Judiciary Law, § 2, subd. 11). Its territorial jurisdiction is defined in section 6 of its code in part as follows: " The territorial jurisdiction of the court shall extend throughout the county of Onondaga, and it shall have power to send its process and other mandates to any part of the county of Onondaga for service or execution in an action or special proceeding of which it has jurisdiction, as follows: 1. The defendant must be, or, if there are two or more defendants, all of them must be, at the time of the commencement of the action residents of the county of Onondaga. * * * 2. The plaintiff or the defendant, or one of the plaintiffs or one of the defendants must be, at the time of the commencement of the action, a resident of the city of Syracuse, except in a case where all of the plaintiffs are nonresidents of the county. * * * 3. A corporation or joint stock association whose principal place of business is established by or pursuant to a statute or by its articles of association or whose place of business or any part of its plant or plants, shops, factories or offices, is actually located within the county of Onondaga or within the city of Syracuse, as the case may be, * * * is deemed a resident of the county or of the city, as the case may be."

The Municipal Court of Syracuse was established by chapter 342 of the Laws of 1892. Section 12 granted to the court " the same jurisdiction over the persons of defendants, as is now possessed by the justices' courts of towns, pursuant to the provisions of section twenty-eight hundred and sixty-nine of the Code of Civil Procedure, and for the purpose of conferring jurisdiction of the person, the said city of Syracuse shall be deemed a town, and said court a justices' court thereof." At that time section 2869 of the Code of Civil Procedure provided, with certain stated exceptions, that " An action must be brought before a justice of a town or city wherein one of the parties resides, or a justice of an adjoining town or city in the same county ". Section 2865 of the same Code in 1892 provided that " An action, cognizable by a justice of the peace, may be brought by or against a corporation ".

The State Constitution in 1892 provided in section 19 of article VI (N. Y. Const. [1846], art. VI amd. and approved by vote of

the People on Nov. 2, 1869) that "Inferior local courts of civil and criminal jurisdiction may be established by the Legislature". The Constitutional Convention of 1894 renumbered this section as 18 of article VI and amended it to read that "Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article."

In 1906 there was a general revision of the Municipal Court Act (L. 1906, ch. 520). Section 11 stated that the court "shall have territorial jurisdiction coextensive with the county of Onondaga and the same jurisdiction over persons and subject matter as is now possessed by justices' courts of towns." It thus appears that at that time this Municipal Court was given the same broad jurisdiction as justices' courts of towns and if there had been any doubt that the jurisdiction of the court was limited by the enactment of 1892 it was removed by this statute which omitted any reference to a particular section of the Justice Court Act. Thus, it seems clear that at least subsequent to 1906, by virtue of the provision of section 2865 of the Code of Civil Procedure, the municipal court had jurisdiction of an action brought "by or against a corporation". It seems clear that the Legislature intended that the word "corporation" included a municipal corporation. In 1920 when the present Justice Court Act was enacted this provision remained substantially unchanged (§ 11) but a new section was added providing for the method of service of the summons upon a municipal corporation and specifically provided for the manner of service upon a town. (Justice Ct. Act, § 50. See, also, Second Annual Report of N. Y. Judicial Council, 1936, pp. 111–116.)

Section 18 of article VI of the Constitution was further amended and approved by vote of the People on November 3, 1925, effective January 1, 1926. The prohibition that no greater jurisdiction could be conferred upon an inferior local court than was conferred upon county courts was amended to add the proviso that the Legislature "may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city * * * shall extend throughout the county or counties in which such city may be located."

In 1926 a new Syracuse Municipal Court Act was enacted (L. 1926, ch. 372). Therein, we find for the first time the here-

tofore quoted portions of section 6 relating to the general jurisdiction of the court. The provision that a corporation or joint stock association whose principal place of business is established by or pursuant to a statute or by its article of association should be deemed a resident of the city or county, as the case may be, (§ 6, subd. 3) was obviously copied verbatim from section 68 of the Civil Practice Act (with appropriate changes in geographical descriptions) conferring similar jurisdiction upon county courts. This legislative enactment thus kept within the then existing and present constitutional provision (art. VI, § 18) that not only could the Legislature confer upon any inferior or local court the same jurisdiction as conferred upon county courts by the article but it could also confer county-wide jurisdiction in civil cases upon any existing or hereafter established inferior or local court.

The defendant town was erected and organized as such by chapter 18 of the Laws of 1794 and therefore, is a domestic corporation (Civ. Prac. Act, § 7, subd. 7). It is a public corporation and a municipal corporation (General Corporation Law, §§ 2, 3; Town Law, § 2). It has the right to sue and is subject to be sued in all courts in like cases as natural persons (N. Y. Const., art. X, § 4; cf. *Matter of Fleischmann* v. *Graves,* 235 N. Y. 84, 89). Section 66 of the Town Law provides that " The place of trial of all actions and proceedings against a town or any of its officers or boards shall be the county in which the town is situated." The commencement of an action against a town is provided for in section 228 of the Civil Practice Act which states, in part, that " Personal service of the summons upon a domestic corporation must be made by delivering a copy thereof, within the state, as follows:  *  *  *  4. If the action be against a town, to the supervisor or town clerk thereof." (Cf. Syracuse Mun. Ct. Code, § 21.)

The appellants contend that it does not come within the provision of subdivision 3 of section 6 of the Municipal Court Code because it is not a corporation whose principal place of business is established by or pursuant to statute or whose place of business is actually located within the county of Onondaga. As heretofore stated, it appears that this provision of the code was copied verbatim from section 68 of the Civil Practice Act, which relates to the jurisdiction of a county court.

The predecessor section of 68 (Code Civ. Pro., § 341) was considered in *Maisch* v. *City of New York* (193 N. Y. 460). The question there arose as to whether the County Court of Kings County, under then existing statutes, had jurisdiction of an

action against the City of New York. The court pointed out that it was the intention of the Legislature to classify the city as a domestic corporation by virtue of the predecessor provision (Code Civ. Pro., § 3343, subd. 18) of subdivision 7 of section 7 of the Civil Practice Act and further by the provision for service of the summons by the predecessor provision (Code Civ. Pro., § 431) of section 228 of the same act. It was held that although the territory of the city extended into Kings County, the residence of the city, so far as a corporation can have a place of business, was in New York county. It was said (*supra,* p. 465) that "In this state the legislature creates municipal corporations and confers upon them such powers and attributes as it sees fit. We think it has conferred upon every city in the state the attribute of residence in that county in which its principal place of business is located, so far as residence controls the jurisdiction of County Courts. While we do not usually speak of a city as carrying on business, any more than a charitable corporation, still it does carry on the important business of government and its principal place of business within the meaning of the statute under consideration is that place where its chief governmental functions are exercised. It was held of a city in Ohio, located in two counties, that its ' principal office or place of business ' was in the county ' where its principal seat of municipal government is located.' (*City of Fostoria* v. *Fox,* 60 Ohio St. 340; 54 N. E. Rep. 370.) " (See, also, *Eldred* v. *City of New York,* 159 App. Div. 301.)

We conclude that the defendant town is a corporation deemed to be a resident of the county of Onondaga within the meaning of the pertinent statute and that the Municipal Court has jurisdiction of these actions brought against it by residents of the city of Syracuse.

There is a faint suggestion in appellants' brief that a contrary conclusion should be reached because jurors selected solely from the city of Syracuse would sit in judgment in these actions brought against the town. We, of course, upon this appeal may only pass upon the statutory provisions relating to the jurisdiction of the court but that point aside it is difficult to see how the town would be less fairly treated by a jury composed entirely of residents of the city than by a jury in Supreme or County Court composed preponderately of city residents — because of population percentages — and a sprinkling of jurors from the 19 surrounding towns. In these times of congested calendars in constitutional trial courts we should not strive to limit the jurisdiction of inferior or local courts such as this one having a

monetary jurisdiction in cases such as these of $6,000 and which in the year ending June 30, 1955, had an intake of 3,501 cases and disposed of 3,406 actions. (First Annual Report of N. Y. Judicial Conference, 1956, p. 99.)

The order appealed from should be affirmed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Order affirmed, with $10 costs and disbursements.