Milton M. Wecht, J.
Petitioners, three stockholders, brought a proceeding for the dissolution of a corporation in the Supreme Court, Kings County. The petition alleged that the principal place of business of the corporation was located at 882 Third Avenue in the Borough of Brooklyn, County of Kings, State of New York. Notice of the proceeding was given to the Attorney- *52 General of the State of New York and all the officers, directors and stockholders of the corporation in the manner required by the General Corporation Law of the State of New York. On the return day of the proceeding no one appeared in opposition to the petition, nor was any answer served or filed by any of the persons given notice. On December 5,1963 this court granted and signed a judgment dissolving the corporation and appointing a receiver pursuant to section 1202 of the Business Corporation Law and directed the receiver to file a bond in the sum of $10,000. The receiver qualified by filing a bond with Fidelity and Deposit Company of Maryland as surety.
The same petitioners, who brought the proceeding to dissolve the corporation, now move to vacate the judgment of dissolution and the appointment of the receiver, alleging that this court had no jurisdiction to entertain the proceeding on the ground that it should have been brought in New York County, where, the certificate of incorporation alleges, the principal office of the corporation is located. This motion is opposed by respondents, the remaining stockholders of the corporation, who had not objected to the application for dissolution. In support of this application petitioners submit a letter from the New York State Department of State, Division of Corporations, which reads in part as follows: “ Certified copy of order of dissolution of Elishewitz Hat Co., Inc., is returned herewith because the order has been made by a Justice of the Supreme Court of Kings County, whereas, the certificate of incorporation provides that the office of the corporation shall be located in the County of New York.”
While it is true that under section 101 of the General Corporation Law and its successor section 1112 of the Business Corporation Law it is provided that an action or special proceeding for the dissolntion of a corporation shall be brought in the Supreme Court and in the judicial district in which the office of the corporation is located, this court is of the opinion that bringing the proceeding in an improper county is not a jurisdictional defect, but involves only a question of venue, which is waived if objection thereto is not timely raised by the parties. The order or judgment entered in a proceeding brought in an improper county is not void for lack of jurisdiction. The Supreme Court of the State has general State-wide jurisdiction and its orders and judgments are valid, notwithstanding violation of the provision of law regulating venue of actions and special proceedings. Having brought this proceeding in Kings County, the petitioners may not now, after judgment was entered therein, be heard to object to the court’s jurisdiction on the *53 ground that they themselves had brought the proceeding in the improper county. Furthermore, section 186 of the Civil Practice Act and its successor, section 509 of the Civil Practice Law and Rules, provide that the place of trial of an action shall be the county designated by the plaintiff unless changed by order upon motion. The instant proceeding under article 9 of the General Corporation Law and its successor, article 11 of the Business Corporation Law, is a special proceeding. Subdivision (b) of section 105 of the Civil Practice Law and Rules provides as follows: “ (b) Action and special proceeding. The word 1 action ’ includes a special proceeding; the words ‘ plaintiff ’ and ‘ defendant ’ include the petitioner and the respondent, respectively, in a special proceeding; and the words 1 summons ’ and ‘ complaint ’ include the notice of petition and the petition, respectively, in a special proceeding.”
The judgment of this court is valid and enforcible. A certified copy thereof, if necessary, may be filed in Few York County. The motion to vacate the judgment of dissolution is denied. The receiver’s motion for leave to employ counsel is granted.