■ MILNOR CONSTRUCTION CORP., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 1, 1988, which granted the defendant's motion to change the venue of the action from Kings County to New York County and awarded the defendant costs.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and, if the file has been transferred to New York County, the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of

the Supreme Court, Kings County, all papers filed in the action and certified copies of all minutes and entries (CPLR 511 [d]).

The forum clause in the parties' contract provided, in relevant part, that they had agreed "that any and all claims asserted by or * * * against the City [of New York] arising under this Contract or related thereto shall be heard and determined * * * in the courts of the State of New York * * * located in the City and County of New York".

In this breach of contract action, the plaintiff Milnor Construction Corp. only named the Board of Education of the City of New York (hereinafter the Board) as a party defendant and set venue in Kings County, the principal location of the Board. The Board successfully moved pursuant to CPLR 501 to change the venue of the action to New York County based upon the forum provision in the parties' contract. We now reverse.

It is not disputed that the forum provision, as written, only applies to actions where the city is a party. Further, there is no claim by the Board, which drafted the contract, that the clause inadvertently left out reference to actions where the Board and not the city is a party. Rather, the Board merely argues that the clause was intended to cover the situation where it and not the city is a party. However, contrary to the Board's contention, this intent cannot be ascertained from the record before the Supreme Court, which contains only certain provisions of the parties' contract. The Board does not contend that the city could not be made a party to an action involving the instant contract. Thus, interpreting the clause as limited to actions against the Board in which the city is also a party does not render it without force or effect (cf., Reape v New York News, 122 AD2d 29).

Therefore, the Board's motion to change the venue of this action on the ground of the forum provision in the parties' contract is denied. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.