■ L-3 COMMUNICATIONS CORPORATION, Appellant, v CHANNEL TECHNOLOGIES, INC., et al., Respondents, et al., Defendant.

[737 NYS2d 366] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 27, 2001, which granted the motion of defendants Channel Technologies and International Transducer Corp. (ITC) to dismiss the complaint as against them for lack of personal jurisdiction, unanimously affirmed, with costs.

Contrary to plaintiff's contention, defendant Channel did not, under the subject asset purchase agreement, submit to the jurisdiction of New York State's courts. The only parties named in the contract as being subject to the forum selection clause are defendant Harris (referred to in the agreement as Sea-Beam) and plaintiff. Thus, it is clear that there was no intent to include Channel, a California corporation, in the contract's mandatory New York forum selection provision, and, indeed, that Channel was deliberately excluded therefrom (*see, Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403-404). In so concluding, we note the absence of any factual predicate for plaintiff's contention that Channel and its wholly-owned subsidiary, defendant ITC, bear so close a relation to defendant Harris and the subject asset purchase agreement as to have been foreseeably bound by and thus implicitly included within the agreement's forum selection clause (*see, Maritime Ins. Co. Ltd. v M/V "Sea Harmony"*, 1998 US Dist LEXIS 6294 1998 WL 214777 [SD NY, May 1, 1998]; *cf., Direct Mail Prod. Servs. Ltd. v MBNA Corp.*, 2000 US Dist LEXIS 12945, *13-14, 2000 WL 1277597, *5 [SD NY, Sept. 7, 2000]). Finally, the motion court correctly concluded that Channel and ITC, California corporations principally situated in California, had not had the minimum contacts with New York necessary to subject them to the jurisdiction of its courts under its long-arm statute. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.