■ INDOSUEZ INTERNATIONAL FINANCE, B.V., Respondent, v NATIONAL RESERVE BANK, Appellant. [758 NYS2d 308] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about December 14, 2001, which denied defendant's motion to dismiss the complaint, and order, same court and Justice, entered July 25, 2002, which, inter alia, preliminarily enjoined defendant from attaching or executing against plaintiff's assets and from pursuing certain foreign litigation against plaintiff and its affiliates, and order, same court and Justice, entered October 30, 2002, which, inter alia, granted plaintiff's motion for summary judgment permanently enjoining defendant, finding it liable for breach of forum selection clauses and referring the issue of damages, unanimously affirmed, with costs.

This action, seeking damages for breach of a forum selection clause contained in the parties' foreign currency exchange agreements, and a permanent injunction enforcing such clause, is not barred by plaintiff's failure to seek the relief now sought in the prior action (*Indosuez Intl. Fin. v National Reserve Bank*,

98 NY2d 238 [2002], *affg* 279 AD2d 408 [2001]) for breach of the underlying transaction. While res judicata precludes claims that could have been brought in a prior action (*see Matter of Hofmann*, 287 AD2d 119, 123 [2001]), the gravamen of the wrongs claimed here could not have been raised at the earlier juncture because defendant's repeated and relentless resort to foreign forums occurred after the first action was instituted and, indeed, some of defendant's objectionable conduct occurred after the motion court granted summary judgment in that action (*see Citizens of Accord v Twin Tracks Promotions,* 236 AD2d 665, 666 [1997]). We note that, contrary to defendant's contention, prior denials of plaintiff's motions for preliminary injunctive relief lack preclusive effect (*see Christine's Shoes Corp. v 251 Main St. Corp.*, 267 AD2d 415 [1999]), and that in at least one instance the motion court, in denying such relief for lack of a showing of irreparable harm, expressly stated that plaintiff had shown a likelihood of success on the merits.

It was not an abuse of discretion to grant, sua sponte, a preliminary injunction pending a determination on the parties' summary judgment motions. The preliminary relief did not purport to definitively determine the rights of the parties so as to prematurely grant the ultimate relief sought (*cf. Jamie B. v Hernandez*, 274 AD2d 335, 336 [2000]) or to rest upon an evaluation of conflicting evidence (*see Morris v Port Auth. of N.Y. & N.J.*, 290 AD2d 22, 26 [2002]). Moreover, when the motion court first proposed preliminary relief and offered the parties an opportunity to argue the issue, defendant's attorney, who had earlier contested the permanent injunction sought by plaintiff, failed to voice any objection save for a comment regarding the amount of the undertaking.

For a number of independent reasons, the grant of a permanent injunction against defendant's pursuit of foreign litigation was proper. In the face of the mandatory choice of law and forum selection clauses (*see e.g. Liapakis v Sullivan*, 290 AD2d 393, 394 [2002]), and the Court of Appeals' clear ruling that neither Russian law nor a Russian forum would be appropriately utilized in litigating the parties' underlying dispute (*Indosuez*, 98 NY2d 238, *supra*), comity was not implicated because there was no possibility of treading on the legitimate prerogatives of the foreign jurisdictions to which defendant had repeatedly turned. This injunction was consonant with our policy of enforcing choice of law and forum selection clauses (*see Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]; *Micro Balanced Prods. Corp. v Hlavin Indus.*, 238 AD2d 284, 285 [1997]). In any event, once there was a New York

judgment on the merits, the courts of this State were entitled to protect it (*see Farrell Lines Inc. v Columbus Cello-Poly Corp.*, 32 F Supp 2d 118, 131 [1997], *affd sub nom. Farrell Lines Inc. v Ceres Terms. Inc.*, 161 F3d 115 [1998]). Moreover, the relief was appropriate in light of the clear evidence of defendant's harassing and bad faith foreign litigation (*cf. Paramount Pictures v Blumenthal*, 256 App Div 756 [1939], *appeal dismissed* 281 NY 682 [1939]; *Sarepa, S.A. v Pepsico, Inc.*, 225 AD2d 604 [1996]).

Plaintiff's parent and subsidiary, although not parties to the agreement containing the choice of law and forum selection clauses, were sufficiently close in their relation to plaintiff to be included within the permanent injunction's protective ambit (*see Direct Mail Prod. Servs. Ltd. v MBNA Corp.*, 2000 WL 1277597, *3-5, 2000 US Dist LEXIS 12945, *7-14 [SD NY, Sept. 7, 2000]; *International Private Satellite Partners, L.P. v Lucky Cat Ltd.*, 975 F Supp 483, 485-486 [1997]; *cf. L-3 Communications Corp. v Channel Tech.*, 291 AD2d 276 [2002]).

Contrary to defendant's contention, damages may be obtained for breach of a forum selection clause (*see Allendale Mut. Ins. Co. v Excess Ins. Co., Ltd.*, 992 F Supp 278, 286 [1998]; *Laboratory Corp. of Am., Inc. v Upstate Testing Lab.*, 967 F Supp 295, 299 [1997]), and an award of such damages does not contravene the American rule that deems attorneys' fees a mere incident of litigation.

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.