OPINION OF THE COURT
Paul, A. Victor, J.
Motion by defendants Board of Education of the City School District of the City of New York and Joel M. Klein, as Chancellor (hereinafter, collectively, Board of Education or defendants), for, inter alia, (1) stay of this action, and (2) a change of venue of this action from Bronx County to New York County. A cross motion by plaintiffs to retain venue in Bronx County is consolidated for disposition with plaintiffs’ motion and is decided as follows:
Issues Presented
1. May an action be brought and maintained against the Board of Education (which has its principal office in New York County) in any county where it is situated or has a meaningful presence?
2. Must the action be brought in New York County, where the defendant allegedly made its decision to terminate the employment of 864 plaintiff paraprofessionals, or can said action be brought in any county where that decision had an alleged negative impact?
This is a case of first impression! Although CPLR 504, which is the applicable venue provision, was amended in 1966 to apply to actions against school districts, no other reported case has defined the ambit of the meaning of the word “situated” as it is used in the CPLR to describe the proper place to bring said actions.
Relevant Background and Contentions
The plaintiffs (consisting of the United Federation of Teachers and a number of individually affected educational paraprofessionals) bring this class action challenging a plan of action formulated by the defendants to terminate the employment of 864 paraprofessionals who are employed by the defendant Board of Education. Paraprofessionals are persons who, as stated in the complaint, assist teachers in the classroom setting by providing individualized attention to children with learning disabilities, facilitating instruction to non-English speaking children, and otherwise assisting teachers as required by the *420 classroom conditions. The plan was announced on January 15, 2003 as part of a major restructuring of the defendant Board of Education. Plaintiffs, who request class action certification in the complaint, maintain that the defendants’ plan inappropriately calls for the hiring of new managerial employees while other employees are terminated, and that the termination of paraprofessional employees has a disproportionately discriminatory impact on minority racial and ethnic employees, in violation of Executive Law § 290 and Administrative Code of the City of New York § 8-101.
The Board of Education argues that despite the employment of plaintiffs throughout New York City and the alleged negative impact of the decision on some of them in Bronx County, the only proper venue for this action is New York County, where defendant has its principal place of business and where the decision was allegedly made to terminate the employment of those paraprofessionals. In that regard, the defendant invokes the common-law principle that venue lies where the action arose, and argues further that pursuant to CPLR 510 (3), the ends of justice would be promoted since the majority of the witnesses allegedly live in New York County.
The plaintiffs argue that Bronx County is a proper venue since the defendant maintains school districts in that county, and 864 educational paraprofessionals are employed by defendant in schools maintained by defendant throughout the City of New York, including those in Bronx County where an alleged majority of the paraprofessionals are employed and reside. The plaintiffs dispute that the decision to lay off the paraprofessionals was made in New York County, and further allege that venue discovery would disclose that fact as well as the negative impact of that decision on the entire class of plaintiffs, most of whom (the plaintiffs allege) live and work in Bronx County. In essence plaintiffs argue that, in an “impact action,” the cause of action arises not necessarily where the decision is made but where the impact of that decision has its greatest negative effect. Plaintiffs argue finally that, in any event, venue in this case is prescribed by statute, and that CPLR 504 (2) gives the plaintiffs the right to choose Bronx County.
Applicable Law
General Principles and Burden of Proof
Venue, the proper situs of a proceeding, does not involve the jurisdiction of the court to hear and determine the action, and *421 venue issues, unlike those involving personal and subject matter jurisdiction, do not result in the enlargement or impairment of substantive rights. Although personal and subject matter jurisdiction require compliance with constitutional mandates, venue issues are not so burdened, and the situs of an action may be located anywhere within the geographical jurisdiction of the court as deemed appropriate by applicable statute or rule. The commencement of an action or proceeding in an inappropriate county territorial subdivision of the Supreme Court of the State of New York, would not, with one exception not here relevant,[1] result in a dismissal of the action, but would merely require a “change of venue,” i.e., a transfer of the action to the appropriate county. However, it must be noted that the court may not effectuate a change of venue sua sponte, and that a judgment entered in an “improper” county is constitutional and jurisdictionally valid (Matter of Elishewitz Hat Co., 42 Misc 2d 51 [Sup Ct, Kings County 1964]). The only mechanisms for changing venue are by consent of the parties, or by an order of the court rendered pursuant to a motion. (See CPLR 509, 510.)
For the Supreme Court of the State of New York, the prescribed venue of an action is now codified at and statutorily authorized by article 5 of the CPLR. Unless the parties have by prior written agreement fixed the venue of an action, CPLR article 5 permits the plaintiff the right to make the initial selection of an appropriate venue. (See, CPLR 501, 503, 509; Medicorp v Avis Corp., 122 Misc 2d 813 [1984].) It is settled that upon a motion by defendant to change said venue defendant bears the burden to establish that the plaintiffs choice of forum is not appropriate, or that other factors and circumstances require that venue be changed. (Islamic Republic v Pahlavi, 62 NY2d 474, 478-479 [1984], cert denied 469 US 1108 [1985]; Clarke v Ahern Prod. Servs., 181 AD2d 514 [1st Dept 1992]; Bradley v Plaisted, 277 App Div 620 [3d Dept 1951], lv denied 278 App Div 127 [1951].) In addition, it is settled that “unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” (See, Gulf Oil Corp. v Gilbert, 330 US 501, 508 [1947]; Waterways Ltd. v Barclays Bank, 174 AD2d 324, 327 [1st Dept 1991]; Temple v Temple, 97 AD2d 757 [2d Dept 1983].)
*422 The Statutory Scheme
CPLR 509 provides that “[notwithstanding any provisions of this article, the place of trial of an action shall be in the county designated by the plaintiff, unless the place of trial is changed to another county by order [of the court] upon motion, or by consent . . . and a motion to change venue is governed by the rules set forth in CPLR 510 and 511. However, in a plenary action, as distinguished from a special proceeding, the general venue rule set forth in CPLR 503 permits a plaintiff to bring an action in any county in which a party (plaintiff or defendant, individual or corporate) has a residence. Most of the exceptions to this general rule deal with actions and/or special proceedings against public authorities and governmental entities (including school districts) as well as their subdivisions and their officers, boards and departments. The statutory rules for actions and proceedings against these public authorities and governmental entities (with the exception of school districts) generally require that said actions and proceedings be venued either where the “cause of action arose” or where the “material events took place” or where the “principal office” of the defendant or respondent (as the case may be) is located. (See, e.g. CPLR 504 [for actions against governmental entities], 505 [for actions against public authorities], 506 [for special proceedings against a body or officer].)
School Districts and District Corporations
Prior to the enactment of Laws of 1966 (ch 444, § 1), there was no explicit statutory reference to school districts and district corporations, and they were required to be treated as any other domestic corporation; and thus for venue purposes the principal office of said corporation was deemed to be its residence pursuant to CPLR 503 (c). (See, General Precision v Ametek, Inc., 24 AD2d 757 [2d Dept 1965].) However, with the enactment of Laws of 1966 (ch 444, § 1), the venue choices against such entities were broadened! With the enactment of chapter 444, these entities were inserted into CPLR 504, which now provides as follows:
“§ 504. Actions against counties, cities, towns, villages, school districts and district corporations “Notwithstanding the provisions of any charter heretofore granted by the state and subject to the *423 provisions of subdivision (b) of section 506,[2] the place of trial of all actions against counties, cities, towns, villages, school districts and district corporations or any of their officers, boards or departments shall be, for:
“1. a county, in such county;
“2. a city, except the city of New York, town, village, school district or district corporation, in the county in which such city, town, village, school district or district corporation is situated, or if such school district or district corporation is situated in more than one county, in either county, and
“3. the city of New York, in the county within the city in which the cause of action arose, or if it arose outside of the city, in the county of New York.” (Emphasis added.)
It is significant to note that the aforesaid 1966 amendment to CPLR 504 not only inserted references to “school districts and district corporations” in the title, preamble paragraph and body of that rule, but also further amended subdivision (2) by the insertion of the additional words “or if such school district or district corporation is situated in more than one county, in either county,” thereby on its face affording a plaintiff a venue choice!
Discussion
Defendants argue that for venue purposes pursuant to CPLR 504 (2), the Board of Education of the City of New York can only be “situated” in the County of New York, since that is where its principal office is located. As support for this proposition, defendants are able to cite only three cases, i.e., Schoen v Board of Educ. of Cambridge Cent. School Dist. No. 10 of Towns of White Creek, Cambridge, Jackson, Salem & Easton, Washington County (274 App Div 682 [3d Dept 1949], Matter of De Riso v Kennedy (13 Misc 2d 322 [Sup Ct, Kings County 1958]), and Milnor Constr. Corp. v Board of Educ. of City of N.Y. (163 AD2d 282 [2d Dept 1990]), none of which are in any way supportive of the position now advanced by defendants. Indeed, two of those cases predate the present statute, i.e., Schoen v Board of Educ. and De Riso v Kennedy (supra).
In Schoen v Board of Educ., the defendant Board of Education managed a school district encompassing five towns in two *424 counties. The only applicable statute, i.e., Civil Practice Act § 182, was a predecessor to CPLR 503, the general residence venue provision. The case turned on the court’s perception of the “residence” of the Board based on general principles applicable to corporations as residents of the county in which the principal office of the corporation is located. As noted, the case predates the present statute, and general principles relating to the venue of corporations have limited application to the present issue, i.e., the construction of a specific statute (CPLR 504), which specifically sets forth the venue of actions against school districts.
De Riso v Kennedy (supra) did not involve a school district or board of education at all. It involved a motion to change venue from Kings County to New York County in an article 78 proceeding directed against the Police Commissioner. The court in De Riso (at 325) noted that, since nothing in the petition before the court indicated that the determination complained of took place in Kings County, the court was “constrained to find that venue of this article 78 proceeding is improperly laid in Kings County and therefore directs the transfer of this matter to the County of New York within the First Judicial District” — i.e., where the Police Commissioner maintained his principal office. As noted above, CPLR 506 governs the venue of special proceedings, and the De Riso case as well as an earlier precedent upon which De Riso relied (Zorach v Clauson, 86 NYS2d 17 [Sup Ct 1948], affd 275 App Div 774 [2d Dept 1949], affd 300 NY 613 [1949]), have no relevance to the placement of venue in a plenary action against the Board of Education. In Zorach, the right of petitioner to bring a special proceeding against the Board of Education in Kings County was upheld, when it was determined that the principal office of the Board was in Kings County and all of the material facts took place in Kings County. The holding in De Riso and Zorach are consistent with each other as well as with the statutory requirements for a special proceeding as set forth in CPLR 506, which have no relevance to the plenary action at bar, which is governed by CPLR 504.
Lastly, in Milnor Constr. Corp. v Board of Educ. of City of N.Y. (supra at 283 [1990]) plaintiff, in an action to recover damages for breach of contract, placed venue in Kings County based on “the [then] principal location of the Board.” It was the Board of Education in that case which sought a change of venue to New York County pursuant to CPLR 501 based upon the alleged contractual agreement of the parties. The forum selection clause *425 in the contract, however, provided “that any and all claims asserted by or . . . against the City [of New York] arising under th[e] Contract or related thereto shall be heard and determined ... in the courts . . . located in the City and County of New York.” (At 283 [internal quotation marks omitted].) The Appellate Division held that since the defendant Board was not named in this forum selection clause, CPLR 501 was not applicable, and denied the Board’s motion. The case provides no support for defendants’ position and is consistent with CPLR 504 (2) since the Board’s principal office was then “situated” in Kings County.
Defendants’ arguments and the cases cited in support of those arguments do not in any way persuade this court that the word “situated” as set forth in CPLR 504 should receive the restrictive interpretation suggested by defendants, which would require that plenary actions against the New York City Board of Education be placed only where the principal office is located, and where the complained of acts allegedly took place. On the contrary, the plaintiffs’ proposed interpretation of CPLR 504 (2) appears more appropriate, and is in fact supported by the legislative record as well as by the rules of statutory construction.[3]
The following excerpt, which is contained in a memorandum to the Governor by Alfred W. Haight, First Deputy Comptroller, prepared shortly before adoption of the aforesaid chapter 444, is most revealing of the legislative and executive intent. It provides (Bill Jacket, L 1966, ch 444):
“Arguments in opposition to bill: The provision of section 503[c] of the Civil Practice Law and Rules require that an action against a domestic corporation be commenced in the county in which its principal office is located. Section 105 (g) thereof defines ‘domestic corporation’ as a corporation created by or under the laws of the State, or a corporation located in the State and created by or under the law of the United States, or a corporation created by or pursuant to the laws in force in the colony of New York before April 19, 1775. A school district or district corporation of this State, as a public corporation (General Corporations Law, sections *426 2,3) is therefore, a domestic corporation [Andraka v. Town of Pompey, 1 A.D. 2d 427, 151 N.Y.S. 2d 905 (1956)]. Accordingly, actions commenced against school districts or district corporations of this State must presently be commenced in the county in which the principal office thereof is located. Thus, in regard to school districts and district corporations situated entirely within a single county this bill makes no real change in the existing law while, in regard to those in more than one county, it increases rather than decreases the number of counties in which such an action may be tried.” (Emphasis supplied.)
Clearly this remedial legislation was intended to broaden the rights of New York litigants and thus it should be “liberally construed, to spread [its] beneficial result as widely as possible . . . as to give effect to the intention of the lawmakers, that is, to effect or carry out the reforms intended and to promote justice, particularly where the statute [is] designed to correct imperfections in a prior law” (McKinney’s Cons Laws of NY, Book 1, Statutes § 321, Comment [special construction, remedial statutes]). Both the language of the enactment as well as the aforesaid memorandum make it abundantly clear that the word “situated” in this venue provision must not be construed as restrictively as defendants contend. The flaw in defendants’ arguments also becomes readily apparent when one does a side-by-side comparison of the words added by the chapter 444 enactment with the other CPLR venue provisions. For example, in CPLR 503 (based on residence) and 506 (for special proceedings) the Legislature expressly declared its intention to have the “principal office” as a proper and alternative basis for venue. These legislative expressions in CPLR 503 and 506 surely indicate that the omission of the “principal office” requirement from CPLR 504 (2) was intentional. Moreover, the words used by the Legislature in CPLR 504 (2) made it even more abundantly crystal clear that it was not their intention to confine the venue of actions against school districts to a single county when such a district is “situated in more that one county.” When a single county is intended, the Legislature has not hesitated to say so. (See e.g. CPLR 504 [3] [where such a specific condition is required by the Legislature in actions against the City of New York].) These clear and unequivocal expressions and omissions must be given effect. The universal maxim, expressio unius est exclusio alterius, is applicable here. This fundamental rule of statutory construction, instructs that “where a law expressly *427 describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.) This court is thus mandated to infer that the aforesaid expressions and omissions by the Legislature were intentional. (McKinney’s Cons Laws of NY, Book 1, Statutes § 97.) Adoption of defendant’s argument would be tantamount to impermissible judicial legislation. (McKinney’s Cons Laws of NY, Book 1, Statutes § 73.)
Applying the foregoing principles, the court has no doubt that the word “situated,” as used in CPLR 504 (2), was meant to incorporate more venue choices than those proposed by defendants. It would appear that those venue choices include every county where a school district or district corporation is transacting its business and has a meaningful presence. It is the opinion of this court that under the venue scheme as enacted by the Legislature in article 5 of the CPLR, a plaintiff is prima facie authorized to select any county in which such a defendant has a meaningful presence. That is not to say that the court, in its discretion, upon motion, may not consider a discretionary change of venue depending upon the significance of the contacts of that venue with the alleged wrong committed by defendant. In that regard CPLR 504 (2) is not unlike a long-arm jurisdictional statute where the court should consider, inter alia, not only the situs of the alleged originating wrongful act but also the impact of that wrong in another county, and the presence and actions of the defendant in that other county. In addition, the court should consider all statutory grounds for a change of venue as set forth in CPLR 510 including the availability and convenience of witnesses and the ends of justice. See, e.g., Weissmandl v Murray Walter, Inc. (147 AD2d 474, 474 [2d Dept 1989]) which held,
“The provisions of CPLR 504, directing that the trial of an action against a county or one of its entities be held in such county, are designed to protect governmental entities from inconvenience (Powers v East Hudson Parkway Auth., 75 AD2d 776). Nonetheless, a court has the power to disregard the statutory direction and place venue elsewhere when the convenience of witnesses would outweigh the purposes of the statute (see, Levertov v Congregation Yetev Lev D’Satmar, 129 AD2d 680; Messinger v Festa, 94 AD2d 792; Babylon Assocs. v County of Suffolk, 89 AD2d 57).”
*428 In a class action involving multiple counties within the City of New York, such as the one presented herein, this is no small task, and insufficient empirical data has been submitted to the court upon which to base a determination as to a discretionary venue change. In any event, since defendants have the burden of showing that plaintiffs’ chosen venue is improper or is unduly burdensome and inconvenient to the witnesses, defendants’ motion must be denied because such a showing has not yet been made on this record. (See, Bolling v Metropolitan Suburban Bus Auth., 205 AD2d 724 [2d Dept 1994].)
Conclusion
This court is not persuaded that venue has been improperly placed in Bronx County. The legislative history suggests that CPLR 504 was intended, as stated above, to increase the number of counties in which the action may be properly venued, and that the word “situated” as used in CPLR 504 was not intended to be confined only to the county in which the defendant maintains its principal place of business or the county in which the defendant engaged in the acts upon which the cause of action is founded. It is not without significance that despite the many thousands of tort and other plenary actions brought against the Board in the almost four decades since the enactment of chapter 444, there is not even one reported case in which it is stated that the Board moved to change venue chosen by the plaintiff based upon the assertion that venue must be placed in the county in which the defendant has its principal office. It is also not without significance that thousands of tort actions are pending in this and other counties against the Board, in which no change of venue has been sought.
In any event, in view of the arguments and concessions advanced at oral argument that additional discovery is warranted before a final determination is made on the question of a discretionary change of venue, the court will not foreclose renewal and/or reargument and the submission of additional factual submissions and legal argument in futuro.
The motion for a stay is denied in its entirety except that the defendants are granted leave to serve and file an answer within 20 days following service of a copy of this order with notice of entry thereon, in the event an answer has not already been interposed.
*429 The motion to change venue is denied without prejudice to renew and/or reargue upon the completion of discovery; and the cross motion to retain venue is granted pending renewal of the motion to change venue.

. A “forum non conveniens” objection may result in a dismissal of the proceeding, despite personal and subject matter jurisdiction, if a New York court determines that based, inter alia, “on considerations of justice, fairness and convenience” it would be more appropriate to have the matter determined in a foreign forum. (See, Silver v Great Am. Ins. Co., 29 NY2d 356, 361 [1972].)

. CPLR 506 (b) applies only to special proceedings (such as a CPLR article 78 proceeding) commenced against a “body or officer” and thus its venue prescriptions do not apply to the preliminary action before this court.

. Indeed, the court takes notice that hundreds if not thousands of tort actions against the Board are now pending in this court, and no attempt to change venue has been made in any of those cases.