*366 Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered March 7, 2008, which, in an action to recover prevailing wages allegedly owed to plaintiff employees as third-party beneficiaries of contracts between defendant employer and various municipal agencies of the City of New York, denied defendants’ motion to change venue to New York County, unanimously affirmed, without costs.
Although plaintiff employees may be third-party beneficiaries of the contracts between defendant employer and the City (see 22 AD3d 404, 405 [2005]), and, as such, bound by the terms of those contracts, the New York County forum selection clauses contained in the contracts simply do not apply to this action because, by their express terms, the clauses apply only to “claims asserted by or against the City” (see Milnor Constr. Corp. v Board of Educ. of City of N.Y., 163 AD2d 282 [1990]; L-3 Communications Corp. v Channel Tech., 291 AD2d 276 [2002]). The parties to the contracts could easily have included language in the forum selection clauses stating that all claims by or against the employer, or all claims “arising under or related to” the contracts, must be brought in New York County, in which event the venue of this action would have to be changed to New York County (see Buhler v French Woods Festival of Performing Arts, 154 AD2d 303, 305 [1989]), but they did not. Concur— Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.