■ ROSLYN UNION FREE SCHOOL DISTRICT, Respondent, v MICHAEL BARKAN et al., Appellants, et al., Defendants. [954 NYS2d 151]—

In an action, inter alia, to recover damages for breach of fiduciary duty and negligence, the defendants Michael Barkan, Karen Bodner, William Costigan, Mary Ann Combs Ronna Niederman, Ellen Siegel, and Patricia Schissel appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered July 5, 2011, which denied their respective motions, inter alia, to dismiss the complaint insofar as asserted against each of them pursuant to CPLR 3211 (a) (3) and (7).

Ordered that the order is affirmed, with costs.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *White Plains Cleaning Servs., Inc. v 901 Props., LLC*, 94 AD3d 1108, 1108-1109 [2012]; *East Hampton Union Free School Dist. v Sandpebble Bldrs.,*

*Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]). Here, the complaint adequately alleges causes of action to recover damages for breach of fiduciary duty and negligence.

We reject the appellants' contention that, in the absence of specific enabling legislation, a school district may not commence an action against current or former members of its board of education. As the Court of Appeals held in a prior appeal in this action (*Roslyn Union Free School Dist. v Barkan*, 16 NY3d 643, 649 [2011]), the plaintiff here is a "corporation." A corporation has the right to sue and be sued (NY Const, art X, § 4; *Andraka v Town of Pompey*, 1 AD2d 427, 431 [1956]). By virtue of that right, it has the right to prosecute an action "for injury and damages sustained by it by reason of mismanagement or misconduct in its affairs, waste of assets, or derelictions in duty by the directors, officers, agents or employees of the corporation" (*Platt Corp. v Platt*, 21 AD2d 116, 120 [1964], *affd* 15 NY2d 705 [1965]; *see Amfesco Indus. v Greenblatt*, 172 AD2d 261, 264 [1991]).

The appellants' remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.