■ PLATINUM EQUITY ADVISORS, LLC, Appellant, v SDI, INC., Respondent, et al., Defendant. [17 NYS3d 289]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 28, 2014, which denied plaintiff's motion for a preliminary injunction to enjoin defendant SDI, Inc. from pursuing pending litigation in Pennsylvania, unanimously affirmed, with costs.

The court properly found that plaintiff had not shown, by clear and convincing evidence, a likelihood of success on the merits (*see Gilliland v Acquafredda Enters., LLC*, 92 AD3d 19, 24 [1st Dept 2011]). As the court noted, plaintiff could not

enforce the forum selection clause in the stock purchase agreement (SPA) at issue, because it was a nonsignatory to the SPA and was not "closely related" to the signatory (*Freeford Ltd. v Pendleton*, 53 AD3d 32, 39 [1st Dept 2008] [internal quotation marks omitted], *lv denied* 12 NY3d 702 [2009]).

Plaintiff's irreparable harm arguments fail (*see Gilliland*, 92 AD3d at 24), because they are premised on the erroneous belief that it is entitled to enforce the SPA.

Under the rule of comity, the balance of the equities weighs against plaintiff (*see Gilliland*, 92 AD3d at 24), which essentially seeks a collateral appeal from the orders of a Pennsylvania court (*cf. Indosuez Intl. Fin. v National Reserve Bank*, 304 AD2d 429, 430 [1st Dept 2003] ["comity was not implicated because there was no possibility of treading on the legitimate prerogatives of the foreign jurisdictions to which (the) defendant had repeatedly turned"]). Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Richter and Manzanet-Daniels, JJ.