Wormser Corp. v L'Oréal USA, Inc. (2022 NY Slip Op 03093)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Wormser Corp. v L'Oréal USA, Inc.

2022 NY Slip Op 03093

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022
Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 654901/20 Appeal No. 15896 Case No. 2021-02575 

[*1]Wormser Corporation, Plaintiff-Appellant,
vL'Oréal USA, Inc., Defendant-Respondent.

Kagen Caspersen & Bogart PLLC, New York (Russell L. Bogart of counsel), for appellant.
K & L Gates LLP, New York (Anthony P. La Rocco of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.) entered on or about June 8, 2021, which granted defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff (Wormser) asserts a claim for breach of the forum selection clause contained in the parties' agreement, which requires disputes to be brought before the courts of New York City, and for attorneys' fees incurred in the actions that defendant (L'Oréal) brought against it in New Jersey. After the New Jersey court had dismissed its complaint "with prejudice within the jurisdiction of New Jersey," L'OrÉal commenced an action against Wormser in Supreme Court, New York County. Subsequently, a New Jersey appellate court amended the New Jersey trial court's orders to make the dismissal "without prejudice" (L'Oréal USA, Inc. v Wormser Corp., 2021 WL 1217872, *2, 2021 NJ Super Unpub LEXIS 540, *4 [NJ Super Ct, App Div, Mar. 31, 2021]), and Wormser brought this action.
Wormser's claim is not barred by the doctrine of res judicata, because the dismissal was without prejudice by the New Jersey appellate court and therefore was not a final determination on the merits (see id. ["A dismissal for lack of subject matter jurisdiction due to a forum selection clause requiring suit to be brought in some other jurisdiction is not an adjudication on the merits"]; see also Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008] ["a dismissal 'without prejudice' lacks a necessary element of res judicata—by its terms such a judgment is not a final determination on the merits"]).
Wormser's claim for attorneys' fees may proceed, as "damages may be obtained for breach of a forum selection clause, and an award of such damages does not contravene the American rule that deems attorneys' fees a mere incident of litigation" (Indosuez Intl. Fin. v National Reserve Bank, 304 AD2d 429, 431 [1st Dept 2003] [internal citations omitted]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022