■ In the Matter of LONG ISLAND COLLEGE HOSPITAL, Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants-Respondents. [609 NYS2d 920] —In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the respondent Commissioner of the New York State Department of Health, which, inter alia, denied the petitioner's applications to revise its 1985, 1986, and 1987, Medicaid reimbursement rates, and an action for a judgment declaring an amendment to 10 NYCRR 86-1.23 (b) invalid, the New York State Department of Health and the New York State Commissioner of Health appeal from so much of an order of the Supreme Court, Kings County (Golden, J.), dated August 13, 1991, as annulled the determinations, and the petitioner cross-appeals from so much of the same order as failed to declare all investment income from the "Construction

Fund" and the 1985 investment income from the "Depreciation Fund" to be income from funded depreciation, and remitted the proceeding to the New York State Department of Health for further proceedings.

Ordered that on the Court's own motion, the notices of appeal and cross appeal are treated as applications for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the second subdivision of the third decretal paragraph thereof beginning with the words "whether the petitioner's borrowing", and substituting therefor the following provision: "the extent to which the petitioner's borrowing for capital projects in the years in issue was necessary within the meaning of applicable statutes, rules, and regulations; whether the petitioner's Construction Fund account and Depreciation Fund account were established for funding of depreciation and whether the expenditure of funds from that account was necessary and used for funding of depreciation"; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.

The petitioner is a medical facility located in Brooklyn and is a participant in the Medicaid program. The petitioner's Medicaid reimbursement rates are determined by the New York State Department of Health (hereinafter the DOH). In 1985, the DOH sought to amend 10 NYCRR 86-1.23 (b) by providing that board-designated funds and the accrual of liabilities to funded depreciation accounts shall not be recognized as funding of depreciation. In formulating the petitioner's over-all reimbursement rate, the DOH applied this rule to determine the petitioner's interest expense.

Under DOH regulations, "[n]ecessary interest on both current and capital indebtedness is an allowable cost for all medical facilities" (10 NYCRR 86-1.24 [a]). The regulations further provide that "[i]nterest expense shall be reduced by investment income with the exception of income from funded depreciation", among other things (10 NYCRR 86-1.24 [c]). In calculating the petitioner's Medicaid reimbursement rates for rate years 1985 through 1987, the DOH offset the petitioner's interest expense reported for each of the given rate years by the amount of investment income earned on certain funds which the petitioner had designated as funded depreciation accounts. The DOH reasoned that these three accounts were

board-designated funds which were unrestricted and whose investment income should be used to offset petitioner's interest expense.

Following completion of the administrative appeal process, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action, *inter alia,* challenging the validity of the amendment to 10 NYCRR 86-1.23 (b). The Supreme Court, *inter alia,* granted the petition to the extent that it declared the amendment invalid and unconstitutional on the ground that the DOH had failed to comply with State notice requirements. DOH argued before the Supreme Court that even if the regulation were found to be invalid, the petitioner had not engaged in necessary borrowing in 1986 because it had funds available in its "Depreciation Fund", one of its designated funded depreciation accounts, and therefore the interest expense was not necessary as that term is defined under the applicable statutes, rules, and regulations.

The Supreme Court remitted the proceeding to the DOH to determine, *inter alia,* whether the "Construction Fund" and the "Depreciation Fund" were properly established and whether the income from those funds was used to fund depreciation. We agree that further proceedings must be conducted. The DOH must determine whether the corpora of the Construction Fund and Depreciation Fund are restricted and used for accumulated depreciation. If they are not, any income may be used to offset interest expense.

Further, contrary to the DOH's contention, the 1985 amendment to 10 NYCRR 86-1.23 (b) did not become effective upon plaintiffs filing with the Secretary of State. Pursuant to State Administrative Procedure Act § 203 (1), "no rule shall become effective until it is filed with the secretary of state and the notice of adoption is published in the state register". The DOH failed to submit a notice of adoption to the Secretary of State for publication in the State Register *(see,* State Administrative Procedure Act § 202 [5]). Thus the rule, which was improperly promulgated and filed, was ineffective regardless of any knowledge the petitioner may have had of it *(see, People v Cull,* 10 NY2d 123, 128), and did not trigger the four-month limitations period pursuant to State Administrative Procedure Act § 202 (8).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Copertino and Hart, JJ., concur. *[See,* 151 Misc 2d 370.]