■ In the Matter of GEORGIAN MOTEL CORPORATION, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant. [615 NYS2d 96] —Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered April 6, 1993 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent revoking petitioner's liquor license.

The relevant facts are set forth in full in this Court's prior decision in this matter (184 AD2d 853). Briefly, petitioner is a domestic corporation operating a resort motel in the Village of Lake George, Warren County. In December 1977, petitioner was granted a restaurant liquor license by respondent. Thereafter, in March and August 1990, petitioner was charged with various violations of the Alcoholic Beverage Control Law and the relevant regulations based upon (1) the guilty plea of

Orval Penrose, one of petitioner's directors, to the crimes of criminal possession of a controlled substance in the fourth degree and conspiracy in the fourth degree, (2) petitioner's alteration of the licensed premises without permission, and (3) and (4) petitioner's failure to report on its 1986-1989 and 1989-1992 renewal applications certain financial transactions. Petitioner entered a no contest plea to all four charges, and respondent revoked petitioner's license and imposed a $1,000 bond claim. Petitioner then commenced a CPLR article 78 proceeding to challenge respondent's determination, and Supreme Court reduced the penalty imposed to a six-month suspension and a $10,000 fine. On appeal, this Court determined that respondent had erred in considering unreliable hearsay information in formulating its penalty and remitted the matter to respondent for redetermination of the penalty (supra).

Upon remittal, respondent assigned the matter to a new Administrative Law Judge (hereinafter ALJ). Respondent thereafter adopted the findings of fact made by the ALJ, sustained the charges against petitioner and again revoked petitioner's license and imposed a $1,000 bond claim. Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court again concluded that the penalty imposed was excessive and remitted the matter to respondent for the imposition of a more appropriate penalty.[1] This appeal by respondent followed.[2]

Initially, we reject petitioner's assertion that the proceedings conducted by respondent following remittal were improper. The record before this Court makes clear that upon remittal, neither the ALJ nor respondent considered the materials previously deemed unreliable hearsay by this Court. Actions undertaken by an administrative entity are cloaked with a presumption of regularity, and the record here fails to support petitioner's assertion that the proceedings upon remittal were tainted (see generally, Matter of Kontogiannis v Fritts, 144 AD2d 850, 852).

Turning to the propriety of the penalty imposed, it is well settled that this Court's inquiry is limited to whether, in the light of all the surrounding circumstances, the penalty im-

---

1. Supreme Court's judgment expressly limited respondent's authority upon remittal to a penalty determination not to exceed a six-month suspension and a $10,000 fine.

2. This Court granted petitioner's motion to vacate the statutory stay of Supreme Court's judgment pending appeal.

posed is so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Although we acknowledge that the penalty of revocation may be, and indeed has been, imposed under circumstances similar to those present here *(see, e.g.,* 9 NYCRR 53.1 [b], [n]; *cf., Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509), based upon our review of the record as a whole, we agree with Supreme Court that the penalty imposed here was excessive.

The record before us indicates that although the charges against petitioner were quite serious, petitioner's record with respondent otherwise was untarnished. Additionally, the record contains an economic impact statement setting forth the financial consequences that would flow from the revocation of petitioner's liquor license. These materials persuade us that petitioner and, perhaps more importantly, the residents of Lake George would incur a substantial loss, both in terms of actual jobs and tourism revenues, if petitioner's license was revoked. In view of the overall economic climate that apparently exists in Warren County and the role that petitioner plays in the region's economy, we believe that the penalty of revocation is unnecessarily harsh. Accordingly, this matter was properly remitted to respondent for the imposition of a more appropriate penalty. We have examined the parties' remaining contentions and find them to be lacking in merit.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as established the maximum penalty which respondent could impose upon remittal, and, as so modified, affirmed.