■ In the Matter of ENTERGY NUCLEAR INDIAN POINT 2, LLC, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [805 NYS2d 429]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Kavanagh, J.), entered September 1, 2004 in Albany County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted the cross motion of respondents Department of Environmental Conservation and Commissioner of Environmental Conservation for summary judgment dismissing the second and third causes of action of the petition/complaint, and (2) from an order of said court, entered January 18, 2005 in Albany County, which denied petitioners' motion for reconsideration.

Petitioners are the current owners and operators of nuclear power plants located on the Hudson River, one of which was acquired in 2000 from the New York Power Authority (hereinafter NYPA) and the other in 2001 from the Consolidated Edison Corporation of New York, Inc. (hereinafter Con Ed). These acquisitions included all of the requisite permits, licenses and approvals necessary to operate the plants, including the required State Pollutant Discharge Elimination System (hereinafter SPDES; see ECL 17-0701 et seq.) permits previously jointly held by NYPA and Con Ed. The SPDES permits were initially issued by respondent Department of Environmental Conservation (hereinafter DEC) in 1982 and renewed in 1987. Although these permits expired in 1992, they remained in effect by operation of State Administrative Procedure Act § 401 while DEC considered the application for renewal of petitioners' predecessors. In 1992, Con Ed entered into a judicially approved consent order with DEC whereby Con Ed agreed to take various protective measures and pay a civil penalty for certain violations. This order bound Con Ed's successors in interest.

Thereafter, DEC began its review of the applications for the renewal of the SPDES permits pursuant to the State Environmental Quality Review Act (hereinafter SEQRA; see ECL art 8). This process took over 10 years and was completed with DEC's issuance of a final environmental impact statement (hereinafter FEIS). The FEIS provided several measures for reducing the negative environmental impact of the power plants.

Petitioners then commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the FEIS issued by DEC and seeking a declaration that 6 NYCRR 704.5, a 30-year-old regulation promulgated by DEC which requires cooling water intake structures at such power plants to be located, designed and constructed using "the best technology available," is invalid and unenforceable as a result of DEC's alleged failure to follow the appropriate procedure required to promulgate regulations. Subsequent to the filing of an amended petition, petitioners moved for summary judgment with respect to the invalidity of the regulation (third cause of action) and DEC and respondent Commissioner of Environmental Conservation (hereinafter collectively referred to as respondents) cross-moved for summary judgment. Supreme Court denied petitioners' motion and granted respondents' cross motion finding that the third cause of action was barred by the statute of limitations and the second cause of action failed to state a cause of action.* Petitioners' motion for reconsideration was denied, and petitioners appeal from both the judgment and the order.

In 1972, Congress enacted the Clean Water Act (*see* 33 USC § 1251 *et seq.*) which, in addition to regulating the discharge of pollutants, authorized the Environmental Protection Agency—or a delegated state—to regulate the intake of water used for industrial cooling purposes (*see* 33 USC § 1326 [b]). As a result, an electric generating facility that withdraws water for cooling purposes must demonstrate that its cooling water intake structure uses the best technology available for minimizing environmental harm as a precursor to receiving a permit. To comply with the Clean Water Act, the Legislature enacted ECL articles 15 and 17 and authorized DEC to promulgate regulations. Eventually, DEC promulgated 6 NYCRR part 704, including 6 NYCRR 704.5.

With respect to their motion for summary judgment, petitioners argue that they met their burden of proving that DEC failed to hold a publicly noticed hearing with respect to 6 NYCRR 704.5. Moreover, petitioners assert that Supreme Court was incorrect in granting summary judgment in respondents' favor when it failed to come forth with any evidence that 6 NYCRR 704.5 was legally promulgated. In response, respondents urge that petitioners failed to carry the necessary burden of overcoming the presumption of regularity inherent in the promulgation of 6 NYCRR 704.5.

We note that, "[a]ctions undertaken by an administrative

---

* All other causes of action were previously dismissed by Supreme Court (Keegan, J.) in March 2004.

entity are cloaked with a presumption of regularity" (*Matter of Georgian Motel Corp. v New York State Liq. Auth.*, 206 AD2d 761, 762 [1994], *lv denied* 84 NY2d 811 [1994]) and are presumed to be valid unless proven otherwise (*cf. Stringfellow's of N.Y. v City of New York*, 91 NY2d 382, 395-396 [1998]). Petitioners have not met their burden of establishing that 6 NYCRR 704.5 was promulgated illegally (*see Ostrer v Schenck*, 41 NY2d 782, 786 [1977]). The record establishes that in 1973, DEC held at least five public hearings with respect to 6 NYCRR part 704, and that 6 NYCRR 704.5 was in draft form as early as April 1974. Furthermore, the Commissioner of Environmental Conservation certified the regulation at issue which was then filed with the Secretary of State and notice of adoption was published. All of these acts are entitled to a presumption of regularity (*see Matter of Georgian Motel Corp. v New York State Liq. Auth., supra* at 762). Petitioners' proof that DEC did not publish notice of 6 NYCRR 704.5 in either the Albany Times Union or the New York Times fails to rebut the applicable presumption of regularity because there is no requirement that DEC publish notice in either of these papers (*see* ECL 17-0301 [10]). Rather, there were numerous papers that would have satisfied DEC's duty to publish notice (*see* ECL 17-0301 [10]).

With respect to the statute of limitations issue, petitioners make two arguments. First, petitioners argue that no statute of limitations with respect to this regulation was triggered since it never was legally effective due to the claimed procedural defects in its promulgation. Second, if a statute of limitations applies, petitioners contend that it was not triggered until DEC issued the FEIS in which DEC announced that petitioners' generation facilities would be subject to the best technology standard embodied in 6 NYCRR 704.5. We are unpersuaded by either argument. A regulation becomes effective 30 days after filing with the Secretary of State (*see* ECL 3-0301 [2] [a]; Executive Law § 102 [4]). Since the statute of limitations commences when the disputed administrative proceeding has become final and binding (*see e.g. Matter of Essex County v Zagata*, 91 NY2d 447, 452-453 [1998]), this statute of limitations commenced on October 30, 1974. Accordingly, whether this matter is styled a declaratory judgment action, with a six-year statute of limitations, or a CPLR article 78 proceeding, which has a four-month statute of limitations, the present matter is clearly time-barred. Petitioners' reliance upon *Matter of Long Is. Coll. Hosp. v New York State Dept. of Health* (203 AD2d 292, 294 [1994]) is misplaced as that regulation did not become effective because a notice of adoption was not provided to the Secretary of State for publication in the State Register.

Finally, to adopt petitioners' contention that a regulation improperly promulgated never becomes effective creates an infinite period of challenge which would vitiate the purpose underlying the statute of limitations (*see Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 858 [2001]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the judgment and order are affirmed, without costs.