■ J. David Beneke, Individually and as Trustee of the J. David Beneke Trust, Appellant, v Town of Santa Clara et al., Respondents. [828 NYS2d 692]—

Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered June 29, 2006 in Franklin County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

Having twice reviewed the facts underlying this action (*see* 28 AD3d 998 [2006]; *Matter of Beneke v Town of Santa Clara*, 9 AD3d 820 [2004]), we need only recount that the J. David Beneke Trust is the record owner of real property located on the shoreline of Upper Saranac Lake in the Town of Santa Clara, Franklin County. In 2001, plaintiff, as trustee for the trust, began construction of a "floating boathouse" off the shore of his property which consisted of a floating barge anchored in the water upon which a structure was built, connected to lands by a floating gangway. Plaintiff did not apply for a building permit, variance or any other form of permission from the Town prior to construction. That failure was the subject of a prior proceeding before this Court (*Matter of Beneke v Town of Santa Clara, supra*).

In February 2005, plaintiff commenced the instant declaratory action against the Town, its Board and its agents (hereinafter collectively referred to as defendants), as well as defendants Commissioner of Environmental Conservation and the Department of Environmental Conservation (hereinafter collectively referred to as DEC). The complaint sought, among other things, a declaration that Upper Saranac Lake is a "navigable water[ ] of the state" as defined by Navigation Law § 2 (4), defendants have no jurisdiction to compel the removal, or enjoin the use of, the floating boathouse, and defendants have no jurisdiction to issue a building permit for the floating boathouse. The Town, on its own, commenced a separate action to permanently enjoin plaintiff from his use of the floating boathouse and to compel plaintiff to remove it. After joinder of issue, these actions were consolidated; the Town's complaint was made a counterclaim in plaintiff's action. Plaintiff unsuccessfully moved to dismiss the Town's counterclaim which was affirmed by this Court (28 AD3d 998 [2006], *supra*). The Town, in turn, successfully sought to temporarily enjoin plaintiff from the use and enjoyment of the boathouse which was thereafter lifted by consent. Motions for summary judgment were made by defendants and DEC, prompting plaintiff's cross motion for a dismissal of the Town's counterclaim and the granting of partial summary judgment on the causes of action previously detailed. Plaintiff further sought an amendment of the answer to the Town's complaint to include a cause of action for alleged violations of the State Environmental Quality Review Act (*see* ECL art 8) (hereinafter SEQRA).

Supreme Court granted DEC's summary judgment motion, as well as defendants' summary judgment motion insofar as it found that the Town had jurisdiction to regulate the placement and construction of the boathouse. It further granted defendants' motion seeking dismissal of the complaint and denied plaintiff's motions for summary judgment and an amendment of the answer. Plaintiff appeals.

Plaintiff contends that Supreme Court erred in refusing to allow him to amend his pleading and dismiss the Town's counterclaim upon the Town's alleged violation of SEQRA in adopting Local Law No. 1 (1993) of Town of Santa Clara. We disagree. The Court of Appeals has consistently stated that in a proceeding alleging a SEQRA violation in the enactment of legislation, the challenge must be commenced within four months of the date of its enactment (*see Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 316-317 [2006]; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202-203 [1987]). While plaintiff contends that there is no statute of limitations where there has been a procedural breach in enacting a local law, that argument has been consistently rejected by this Court under the theory that it would "create[ ] an infinite period of challenge which would vitiate the purpose underlying the statute of limitations" (*Matter of Entergy Nuclear Indian Point 2, LLC v New York State Dept. of Envtl. Conservation*, 23 AD3d 811, 815 [2005], *lv dismissed and denied* 6 NY3d 802 [2006]; *see Matter of McCarthy v Zoning Bd. of Appeals of Town of Niskayuna*, 283 AD2d 857, 858 [2001]). To the extent that any of plaintiff's causes of action emanating from this issue could properly fall under a declaratory judgment action, those issues would be time-barred as well.

Plaintiff next contends that Supreme Court erred in refusing to declare Upper Saranac Lake to be a "[n]avigable water[ ] of the state" as defined by Navigation Law § 2 (4). Such definition includes "all lakes, rivers, streams and waters within the boundaries of the state and not privately owned, which are navigable in fact or upon which vessels are operated" (Navigation Law § 2 [4]). With Navigation Law § 2 (5) defining "[n]avigable in fact" as "navigable in its natural or unimproved condition," this record contains sufficient conflicting evidence as to whether the portion of Upper Saranac Lake upon which the floating boathouse sits is publicly owned or navigable in its natural or unimproved condition. While we recognize that DEC previously admitted that the waters of Upper Saranac Lake come within the definition of Navigation Law § 2 (4), its specialist later averred that the state "owns portions of the Lake bed [but]

[t]he rest of the Lake bed is privately-owned." "Letters Patent" were also submitted, evidencing a conveyance of the "sovereign title to the bed of lakes." For these reasons, summary judgment on this issue would have been premature (*see Zuckerman v City of New York*, 49 NY2d 557, 561 [1980]).

Finally, we agree with Supreme Court, for all of the reasons stated in its decision, that the Town has the jurisdiction, power and authority to regulate, control, restrict or otherwise issue a building permit for the floating boathouse. Although plaintiff contends that Navigation Law § 30 confers exclusive jurisdiction to the State over its navigable waters—a triable issue—the Executive Law and the State Uniform Fire Prevention and Building Code mandate that local governments enforce that code (*see* Executive Law § 371 [2] [b] [5]; [d]; § 373 [1]). Even if the Navigation Law should be found applicable, the seeming conflict between its provisions and the Executive Law could and should be reconciled (*see Matter of Blalock v Olney*, 17 AD3d 842, 844 [2005]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d 367, 369 [1983], *affd* 62 NY2d 965 [1984]). Upon our preliminary review of the Navigation Law, we fail to find its jurisdictional grant to clearly override the Town's responsibility "to exercise their full powers to administer and enforce the uniform code" (Executive Law § 371 [2] [d]; *see* Executive Law § 373 [1]). With plaintiff admitting that the floating boathouse is a building which is subject to the State Uniform Fire Prevention and Building Code (*see* Executive Law § 372 [3]) and that the municipality is obligated to enforce that code—an assertion supported by DEC in support of its contention that it has nonexclusive jurisdiction—we find no error.

Cardona, P.J., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.