■ J. David Beneke, Individually and as Trustee of the J. Dave Beneke Trust, Appellant, v Town of Santa Clara et al., Respondents. [846 NYS2d 681]—

Peters, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 2, 2007 in Franklin County which, among other things, granted certain defendants' motion for summary judgment on defendant Town of Santa Clara's counterclaim for injunctive relief.

The issues in this matter have been before us on three prior occasions (*see* 36 AD3d 1195 [2007], *lv dismissed* 8 NY3d 938 [2007];* 28 AD3d 998 [2006]; *Matter of Beneke v Town of Santa Clara*, 9 AD3d 820 [2004]). When we last reviewed Supreme Court's order, we held that it had properly concluded that defendant Town of Santa Clara had "jurisdiction, power and authority to regulate, control, restrict or otherwise issue a building permit for the floating boathouse" (36 AD3d at 1198). As a result, the Town moved for an order compelling the removal of the floating boathouse and for summary judgment dismissing any remaining claims that have not already been dismissed. After Supreme Court granted the Town's motion, this appeal ensued.

We affirm. Injunctive relief is an appropriate means by which a governmental agency may abate a violation, including the removal of an unauthorized structure (*see e.g. Town of New Baltimore v Winslow*, 39 AD3d 1074, 1075 [2007]; *Town of Coeymans v Malphrus*, 160 AD2d 1178, 1179 [1990]). The cause of action accrues each day that the wrong continues (*see Jensen v General Elec. Co.*, 82 NY2d 77, 85 [1993]; *State of New York v CSRI Ltd. Partnership*, 289 AD2d 394, 395 [2001], *lv dismissed* 97 NY2d 749 [2002]; *State of New York v Schenectady Chems.*,

---

* On April 26, 2007, the Court of Appeals dismissed plaintiff's application for leave to appeal because of the absence of a final judgment.

103 AD2d 33, 37 [1984]). Here, the continued presence of the floating boathouse constitutes, in our view, a continuing violation of the Town's local law (*see Marcus v Village of Mamaroneck*, 283 NY 325, 330 [1940]). Indeed, Executive Law § 382 (2) expressly authorizes the ongoing accrual of penalties for continuing violations.

As to plaintiff's remaining contentions which have previously been considered and rejected by this Court, the law of the case doctrine precludes relitigation (*see People v Evans*, 94 NY2d 499, 502-504 [2000]; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177, 1179 [2007]; *Dukett v Wilson*, 31 AD3d 865, 868 [2006]; *Bennett v Nardone*, 298 AD2d 790, 791 [2002], *lv dismissed* 99 NY2d 579 [2003]). Having failed to allege any applicable exceptions to that doctrine (*see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d at 1179), we affirm.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.