OPINION OF THE COURT
David Demarest, J.
Currently before the court is an application by the defendant, Town of Santa Clara, for an order finding plaintiff in contempt of court, assessing attorney’s fees and fines pursuant to Executive Law § 382 (2) and permanently enjoining the continued existence of a structure on plaintiffs property. The Town seeks to recover at least some of the money it has expended for legal fees over the past five years in its attempts to enforce its local laws.
Procedural History
A brief history of the dispute between the parties and the litigation is appropriate.
Plaintiff, J. David Beneke, is the trustee of the J. David Beneke Trust, which owns a waterfront lot on Upper Saranac Lake in the Town of Santa Clara, Franklin County, New York. The Town is in the northern part of the Adirondack Park which is known for its scenic beauty and pristine wilderness. Upper Saranac Lake is a very desirable location for waterfront second homes and estates, and has attracted many people of substantial means who can afford the escalating prices of Adirondack lakeside properties. The Town is otherwise sparsely populated with little or no industry other than tourism and logging.
Plaintiff sought a building permit to erect a substantial two-story boathouse, which did not conform to existing zoning laws. When the application was denied, plaintiff, in 2001, constructed the “boathouse” on large pontoons which floated offshore, but was anchored to the lake bottom and connected to the mainland with a floating gangway. The structure contained residential wiring, receiving power from the shore. Prior to its construction, plaintiff neither applied for nor received any permit, variance or other permission from the Town, the Adirondack Park Agency, or any other governing body.
The Town first sought to enforce its laws, in September 2002, by having its code enforcement officer issue an “order to remedy violation” directing that the boathouse be removed within 30 days. When there was no compliance, a criminal information and appearance ticket was issued directing plaintiff to appear in Town Justice Court. Upon a plea of not guilty, the matter was set down for trial. While the matter was pending, plaintiff com *593 menced a special proceeding seeking to enjoin the Town from prosecuting him and declaring that the Town lacked jurisdiction to prosecute him because the boathouse was in navigable waters and thus was governed by the Navigation Law. This court dismissed that proceeding and its order was affirmed on appeal. (Matter of Beneke v Town of Santa Clara, 9 AD3d 820 [3d Dept 2004].)
In August 2004, almost two years after the action was commenced, and after trial, plaintiff was convicted in Town Justice Court and fined $500.* Since plaintiff still refused to remove the boathouse, the Town initiated an action to compel its removal in the fall of 2004, but that action was withdrawn because of procedural errors.
Plaintiff initiated this declaratory judgment action seeking to prohibit the Town from having the boathouse removed. Shortly thereafter, the Town commenced its own action seeking a permanent injunction compelling the boathouse’s removal. The actions were joined by agreement and the Town’s action became a counterclaim. This court denied plaintiffs motion to dismiss and the denial was eventually affirmed by the Appellate Division. (Beneke v Town of Santa Clara, 28 AD3d 998 [3d Dept 2006].)
The defendants then moved for summary judgment dismissing the complaint which was granted in June 2006. Once again, plaintiff appealed and, once again, the order was affirmed. (Beneke v Town of Santa Clara, 36 AD3d 1195 [3d Dept 2007], Iv dismissed 8 NY3d 938 [2007].) The Appellate Division agreed with this court that the Town “has the jurisdiction, power and authority to regulate, control, restrict or otherwise issue a building permit for the floating boathouse.” (Id. at 1198.)
By order entered February 2, 2007, this court granted certain defendants’ motion for summary judgment on the Town’s counterclaim for injunctive relief. The plaintiff was given until June 1, 2007 to remove the boathouse. Yet again, the order was appealed and affirmed. (Beneke v Town of Santa Clara, 45 AD3d 1164 [3d Dept 2007].) Finding injunctive relief to be appropriate, the Appellate Division found the presence of the boathouse to be a continuing violation of the Town’s local law and that Executive Law § 382 (2) expressly authorizes the ongoing accrual of penalties for continuing violations.
*594 Not until after the current application for sanctions was brought did the plaintiff finally dismantle the boathouse. In light of the fact that the boathouse has been removed, the Town’s current requests for injunctive relief are moot. To be decided are the issues of attorney’s fees and fines.
Fines Pursuant to Executive Law § 382 (2)
Executive Law § 382 (2) authorizes fines of up to $1,000 per day of violation. The boathouse has been in violation since it was built in 2001. The Town has calculated a maximum fine from January 1, 2002 to November 1, 2007 to be $2,494,000. Calculating the maximum fine from June 1, 2006, when the boathouse was ordered to be removed, to November 1, 2007, yields a total in excess of $485,000. Counsel fees incurred by the Town are in excess of $200,000 and represent a significant cost to the taxpayers of a Town with an annual budget of approximately $600,000.
There are few weapons in a Town’s arsenal to deal with residents having deep pockets who are willing to flout local laws. This Town refused to capitulate to its well-financed adversary and it should not be left to the innocent taxpayers to see their taxes rise or services diminish because someone had the financial wherewithal to wage a protracted battle.
Pursuant to Executive Law § 382 (2), a fine of $200,000 is hereby assessed.
Civil Contempt and Attorney’s Fees
In light of this fine, further counsel fees will not be awarded. In order to assess such fees, it is necessary to find the plaintiff in civil contempt. Although the facts are undisputed and a finding of contempt could be made summarily, there is no need to do so at this time in light of the penalties imposed. The application for a finding of contempt and for attorney’s fees is denied at this time, without prejudice.
In summary: (1) plaintiff is fined $200,000 pursuant to Executive Law § 382 (2); (2) defendant’s application for a finding of contempt and attorney’s fees is denied, without prejudice to renewal in the event the fine is not paid; and (3) defendant’s application for injunctive relief is denied as moot.

 Plaintiff filed a notice of appeal to the Franklin County Court which has yet to render a decision, despite the fact the appeal has been pending for more than three years. The fine has not been paid.