■ J. DAVID BENEKE, Individually and as Trustee of the J. DAVID BENEKE TRUST, Appellant-Respondent, v TOWN OF SANTA CLARA et al., Respondents-Appellants, et al., Defendants. [876 NYS2d 229]—

Peters, J.P. (1) Cross appeals from an order of the Supreme Court (Demarest, J.), entered March 18, 2008 in Franklin County, which partially granted a motion by certain defendants for, among other things, the imposition of a fine upon plaintiff pursuant to Executive Law § 382, and (2) appeal from the judgment entered thereon.

Having been before this Court on four prior occasions, the underlying facts of this case are fully set out in those decisions (45 AD3d 1164 [2007], *lv denied* 10 NY3d 706 [2008]; 36 AD3d 1195 [2007], *lv dismissed* 8 NY3d 938 [2007]; 28 AD3d 998 [2006]; *Matter of Beneke v Town of Santa Clara*, 9 AD3d 820 [2004]). Succinctly stated, following plaintiff's unauthorized construction of a floating boathouse on the shoreline of Upper Saranac Lake in the Town of Santa Clara, Franklin County in

2001, and in the face of continuing legal efforts by defendant Town of Santa Clara to compel its removal as in violation of its local laws, plaintiff has persistently refused to remove the boathouse and engaged in protracted litigation against the Town. Upon our most recent review, we affirmed Supreme Court's February 2007 order compelling the removal of the boathouse by June 1, 2007 (45 AD3d 1164 [2007], *supra*). Not surprisingly, plaintiff failed to do so by the date prescribed by Supreme Court. Thereafter, the Town, defendant Town Board and certain town officials (hereinafter collectively referred to as the Town defendants) moved for an order compelling the boathouse's removal, holding plaintiff in contempt, awarding counsel fees and costs, and imposing fines for violation of the Uniform Fire Prevention and Building Code pursuant to Executive Law § 382 (2). While that motion was pending, plaintiff removed the boathouse. Supreme Court, among other things, assessed a fine against plaintiff under Executive Law § 382 (2) in the amount of $200,000. The court also denied the Town defendants' application for a finding of contempt and counsel fees, stating that, "[a]lthough the facts are undisputed and a finding of contempt could be made summarily, there is no need to do so at this time in light of the penalties imposed." These cross appeals ensued.

Plaintiff contends that the Town was not authorized to seek imposition of a fine pursuant to Executive Law § 382 (2) in this civil action because the remedies set forth in that provision are strictly criminal in nature. As plaintiff failed to advance this argument before Supreme Court, we will not consider the issue on appeal (*see State Farm Fire & Cas. Co. v Dayco Prods., Inc.*, 19 AD3d 923, 926 [2005]; *Snyder v Newcomb Oil Co.*, 194 AD2d 53, 61 [1993]; *Matter of Manhattan Indus. v Tully*, 88 AD2d 737, 738 [1982]). Further, to the extent that plaintiff challenges the basis for Supreme Court's decision to fix the amount of fines at $200,000, the court appropriately set forth its reasoning and we find no basis upon which to disturb its determination in that regard.

Turning to the cross appeal by the Town defendants, we conclude that a finding of civil contempt against plaintiff was warranted. In order to make such a finding, "it must be established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (*Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]; *see* Judiciary Law

§ 753 [A] [3]; *Aison v Hudson Riv. Black Riv. Regulating Dist.*, 54 AD3d 457, 458 [2008]).

Here, Supreme Court's February 2007 order clearly and unequivocally compelled plaintiff to remove the boathouse by June 1, 2007. Despite the fact that plaintiff was granted a stay of this order until July 20, 2007, he nonetheless continued to flout Supreme Court's directive by failing to remove the boathouse by this date. While the orders also authorized the Town to remove the boathouse in the event that plaintiff failed to do so by the date prescribed, this language did not, as plaintiff argues, provide him with an option to allow the Town to remove the boathouse but, instead, only permitted the Town to take remedial action if plaintiff failed to comply with the court's orders. Indeed, the Town would have no legal right under the orders to take any action to remove the boathouse *unless* plaintiff failed to do so by the prescribed date. In our view, this record permits only one conclusion, that plaintiff brazenly and willfully disobeyed the clear and explicit orders of Supreme Court, thereby impairing the Town's rights. Consequently, we find that Supreme Court abused its discretion in declining to hold plaintiff in contempt. The matter must therefore be remitted for a determination as to the appropriate sanction to be imposed (*see* Judiciary Law § 753 [A]).

The parties' remaining contentions are either unpreserved or have been rendered academic by our decision.

Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as denied the motion by the Town defendants for a finding of contempt; motion to hold plaintiff in contempt granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. [*See* 19 Misc 3d 591.]