# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**372**

**CA 12-01132**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF GREEN THUMB LAWN CARE, INC.
AND JOHN KNUTSON, PH.D.,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

PETER M. IWANOWICZ, ACTING COMMISSIONER, AND NEW
YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, RESPONDENTS-DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

MICHAEL A. DEEM, OSSINING, HANCOCK ESTABROOK, LLP, SYRACUSE (ALAN J. PIERCE OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ANDREW G. FRANK OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered October 13, 2011 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, inter alia, denied the requests of petitioners-plaintiffs for a declaratory judgment, and declared that 6 NYCRR 325.40 terminated the authority of petitioners-plaintiffs to use notice waivers.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the declaration and dismissing that part of the amended petition/complaint seeking declaratory relief and as modified the judgment is affirmed without costs.

Memorandum: These consolidated appeals arise from an administrative proceeding in which the New York State Department of Environmental Conservation (DEC) alleged that Green Thumb Lawn Care, Inc. (Green Thumb) and its president, John Knutson, had violated statutes and regulations by, inter alia, performing residential lawn care without having a signed contract that specified the dates upon which pesticides would be applied. As a result of that administrative proceeding, the Acting Commissioner of the DEC ruled that Green Thumb and Knutson violated ECL 33-1001, as well as the regulation promulgated by the DEC with respect to that statute (*see* 6 NYCRR 325.40), and, inter alia, assessed a penalty. Petitioners-plaintiffs, Green Thumb and Knutson (hereafter, petitioners), commenced a combined CPLR article 78 proceeding and declaratory judgment action to

challenge that ruling and, in appeal No. 1, they appeal from a judgment that, inter alia, confirmed the Acting Commissioner's determination and issued a declaration in favor of respondents-defendants, the DEC and the Acting Commissioner (hereafter, respondents). Petitioners commenced a second CPLR article 78 proceeding to challenge a policy statement issued by the DEC in 2005 and, in appeal No. 2, they appeal from a judgment dismissing that petition.

With respect to appeal No. 1, petitioners contend that the Acting Commissioner's determination that they violated the statute and regulation was arbitrary and capricious, and thus that Supreme Court erred in confirming it. We reject that contention. In general, judicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis (*see Matter of Concetta T. Cerame Irrevocable Family Trust v Town of Perinton Zoning Bd. of Appeals*, 6 AD3d 1091, 1092; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231). In a situation such as this, however, "where 'the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight' " (*Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation*, 14 NY3d 161, 176; *see Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation*, 18 NY3d 289, 296).

When petitioners applied the products at issue, the statute provided that "[p]rior to any commercial lawn application the applicator shall enter into a written contract with the owner of the property or his agent specifying the approximate date or dates of application, number of applications, and total cost for the service to be provided" (ECL former 33-1001 [1]). In addition, the DEC regulations require that the written contract shall "specify the approximate date or dates of application or applications; . . . state the total cost of the commercial lawn application service to be provided; . . . [and] be signed by both the pesticide applicator or business providing the commercial lawn application and the owner or owner's agent of the property to which the commercial lawn application is to be made; provided, however, the signature of the owner or owner's agent is not required if the pesticide applicator or business possesses a separate document that specifically evidences the owner or owner's agent signature as acceptance of the written contract, such as a copy of a prepayment check, in the exact amount specified in the written contract for the agreed-upon services" (6 NYCRR 325.40 [a] [1], [3], [6]).

The legislative history of the statute establishes that it was enacted for two purposes, to wit, to ensure that commercial lawn care businesses did not apply their products without first having a written

contract that included the full price to be paid by the consumer, and to ensure that residents were aware when possibly hazardous chemicals were going to be applied to their properties.  Based upon that history, and the unequivocal wording of the statute and regulation, the Acting Commissioner's conclusion that petitioners' agreement with the owners of the subject property did not meet either requirement was not arbitrary or capricious.  The total price to be paid for petitioners' services does not appear anywhere in the agreement, and petitioners concede that it was not the same price as was paid a year earlier pursuant to the contract that petitioners contend was renewed.  Furthermore, the dates of application on the document that petitioners sent to the property owner included ranges of dates that encompassed more than half of the calendar year, and thus are patently not approximate dates of application.

Contrary to petitioners' further contention, the Acting Commissioner did not act arbitrarily or capriciously in concluding that petitioners were not permitted to seek a blanket waiver of the approximate dates of application.  His conclusion that such waivers would eviscerate one of the core purposes of the legislation is also consistent with the plain wording of the statute and the legislative intent, and thus is neither arbitrary or capricious.

We agree with petitioners' further contention that the court erred in declaring the rights of the parties and instead should have dismissed that part of the amended petition/complaint seeking declaratory relief.  We therefore modify the judgment in appeal No. 1 accordingly.  Petitioners sought a declaration of the rights of the parties with respect to a 2002 consent order, and also sought further declarations that petitioners had the right to obtain waivers of the right to notification of the approximate dates upon which petitioners would apply products to the property of other customers.  Pursuant to CPLR 3001, "[t]he supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy."  "A declaratory judgment action thus 'requires an actual controversy between genuine disputants with a stake in the outcome,' and may not be used as 'a vehicle for an advisory opinion' " (*Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 35 AD3d 253, 253, *appeal dismissed* 9 NY3d 1003, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:3 at 259; *see Ramunno v Skydeck Corp*., 30 AD3d 1074, 1074).

Here, the court, with the consent of the DEC, dismissed all charges related to alleged violations of the 2002 consent order, and thus no active controversy remained with respect to it.  Petitioners' remaining requests seek a declaration that petitioners may act in a certain manner in the future when interacting with other, unidentified consumers, and thus "presented hypothetical issues concerning future events which may or may not occur" (*Matter of United Water New Rochelle v City of New York*, 275 AD2d 464, 466).  Consequently, no justiciable controversy was presented, and the court was required to dismiss the amended petition/complaint insofar it sought declaratory relief (*see generally Megibow v Condominium Bd. of Kips Bay Towers Condominium, Inc*., 38 AD3d 265, 266).

Contrary to petitioners' further contention, the court properly dismissed the CPLR article 78 petition in appeal No. 2.  In that proceeding, petitioners challenged the promulgation of the DEC's "Policy DSHM-PES-05-11," concerning "Compliance with Certain Provisions of Commercial Lawn Application Regulations" (2005 policy). The court dismissed the proceeding on the ground that it was not ripe for judicial review.  The test for ripeness is well settled, to wit, a determination must be final before it is subject to judicial review (*see* CPLR 7801 [1]).  "In order to determine whether an agency determination is final, a two-part test is applied.  'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and[,] second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party' " (*Matter of County of Niagara v Daines*, 79 AD3d 1702, 1704, *lv denied* 17 NY3d 703, quoting *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34, *rearg denied* 5 NY3d 824).  Here, the Acting Commissioner declined to apply the 2005 policy to the determination at issue, concluding that it was not yet in effect when petitioners applied the lawn care products at issue.  Consequently, inasmuch as no " 'actual concrete injury' " has been inflicted and the injury was in fact " 'prevented or significantly ameliorated by further administrative action' " (*id.*), the matter is not ripe for judicial review.

We have considered petitioners' remaining contentions, and conclude that they are without merit.

Entered:  June 7, 2013                              Frances E. Cafarell
                                                    Clerk of the Court