██ In the Matter of HART FAMILY, LLC, Respondent, v TOWN OF LAKE GEORGE et al., Appellants. [974 NYS2d 154]—

Garry, J. Appeal from a judgment of the Supreme Court (Krogmann, J.), entered May 23, 2012 in Warren County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Lake

---

George Town Planning Board denying petitioner's request for site plan approval.

Petitioner owns a parcel of real property (hereinafter Lot No. 9) in the Trinity Rock Estates subdivision in the Town of Lake George, Warren County, with approximately 200 feet of shorefront on Lake George. When the subdivision was established in 1925, easements were granted to numerous other lot owners permitting them to launch and store boats and to swim on Lot No. 9's shorefront. At least 45 lots now benefit from these easements, which are subject to petitioner's right to maintain and erect shorefront structures and docks that do not "occupy or obstruct more of the [shorefront] . . . than is occupied or obstructed by the present dock." The dock in existence when the easements were granted was approximately 75 feet wide and was later destroyed by storms. When this proceeding was commenced, petitioner had two docks that extended from a concrete bulkhead on the shore into the lake in a "U" configuration about 21 feet wide. An open beach area was located to the south of these docks.

In October 2008, petitioner was granted a permit by the Lake George Park Commission to construct a new E-shaped dock with an open-sided boat cover and sundeck that incorporates the existing northernmost pier, replaces the southernmost pier and measures 31 feet wide. Shortly before obtaining this permit, petitioner applied for site plan approval from respondent Lake George Town Planning Board. Following several meetings and a public hearing, the Board denied the application, citing health and safety concerns, among other things. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the Board's determination on the sole ground that it lacked jurisdiction to review or deny the proposed site plan. Following joinder of issue, Supreme Court granted the application. Respondents appeal.[1]

Contrary to respondents' contention, petitioner did not waive this jurisdictional challenge. Although the issue was apparently not discussed during the Board meetings and public hearing, the claim that review of petitioner's site plan was beyond its authority was "actually raised" in correspondence from

---

1. Petitioner advises that the challenged construction has been completed. However, the claim is not moot; after taking this appeal, respondents timely moved for injunctive relief, and this Court denied the motion. Petitioner was thus placed on notice that completion was undertaken at its own risk (see *Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172 [2002]; *Matter of Schupak v Zoning Bd. of Appeals of Town of Marbletown*, 31 AD3d 1018, 1019-1020 [2006], *lv dismissed* 8 NY3d 842 [2007]).

petitioner's counsel to the Board's attorney and the zoning administrator of respondent Town of Lake George (*Matter of Veltri v New York State Off. of the State Comptroller*, 81 AD3d 1050, 1054 [2011] [internal quotation marks and citation omitted). Further, even assuming that the issue had not been thus preserved, "a defect in subject matter jurisdiction may be raised at any time by any party or by the court itself, and subject matter jurisdiction cannot be created through waiver, estoppel, laches or consent" (*Burke v Aspland*, 56 AD3d 1001, 1003-1004 [2008], *lv denied* 12 NY3d 709 [2009]; *see Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305, 312 [2010]; *Beneke v Town of Santa Clara*, 28 AD3d 998, 1000 n 2 [2006]). Accordingly, petitioner did not waive its jurisdictional challenge by submitting its site plan to the Board for review (*see Town of Carmel v Melchner*, 105 AD3d 82, 92 [2013]).

We agree with Supreme Court that the Board lacked jurisdiction to grant or deny petitioner's application. When the state owns land under navigable waters in its sovereign capacity, its exclusive authority preempts local land use laws and extends beyond the regulation of navigation "to every form of regulation in the public interest" (*Town of N. Elba v Grimditch*, 98 AD3d 183, 188 [2012] [internal quotation marks and citation omitted]; *see Town of Carmel v Melchner*, 105 AD3d 82, 96-97 [2013]). The state holds title to the lands under Lake George in its sovereign capacity (*see People v System Props.*, 2 NY2d 330, 344 [1957]) and, thus, has sole jurisdiction over construction in the lake's navigable waters provided it has not delegated this authority to a local government (*see Town of N. Elba v Grimditch*, 98 AD3d at 188-189; *Town of Alexandria v MacKnight*, 281 AD2d 945, 945 [2001]).[2]

"[A]bsent the delegations in Navigation Law § 46-a allowing local municipalities to regulate the manner of construction and location of structures in waters owned by the [s]tate in its sovereign capacity, municipalities bordering or encompassing such waters . . . have no authority to issue such regulations" (*Town of N. Elba v Grimditch*, 98 AD3d at 195; *see Langdon v*

---

2. We need not resolve the parties' dispute pertaining to the location of the boundary line between the state's submerged lands and privately owned shorefront. The new construction is located entirely within the lake's navigable waters, the existing shorefront concrete bulkhead will not be altered, and the state's exclusive authority to regulate docks and wharves in navigable waters is unaffected by the fact that such structures may extend in part onto shorefront private property (*see Higgins v Douglas*, 304 AD2d 1051, 1056 [2003], *overruled in part on other grounds Town of N. Elba v Grimditch*, 98 AD3d 183, 187 [2012]).

*Mayor of City of N.Y.*, 93 NY 129, 155-156 [1883]). We reject respondents' contention that the state has delegated authority to regulate docks in Lake George to them; the Town is not included among the local governments enumerated in Navigation Law § 46-a (2), and we find no such delegation in any other source. Contrary to respondents' claim, Town Law § 130 (17) (1) (b) pertains to "the anchoring or mooring of vessels" and does not address the construction of docks, boathouses or other structures covered by Navigation Law § 46-a. Although the statutory authority of towns to enforce the State Uniform Fire Prevention and Building Code includes structures in navigable waters (*see* Executive Law § 371; *Beneke v Town of Santa Clara*, 36 AD3d 1195, 1198 [2007], *lv dismissed* 8 NY3d 938 [2007]), the Town has never claimed that petitioner's dock system violates the Code and, further, has delegated Code enforcement to Warren County (*see* Lake George Town Code § 80-1). The Adirondack Park Agency did not delegate the requisite authority by adopting a land use plan for the Adirondack Park and approving the Town's local land use plan, as state-owned lands are exempt from the agency's land use program (*see* Executive Law § 805 [1] [a]; Lake George Town Code §§ 175-5, 175-11). Finally, language in the permit granted by the Lake George Park Commission stating that petitioner was "not relieve[d] . . . of the responsibility of obtaining any other . . . permit . . . from [a] local government which may be required" does not constitute a " ' "clear and explicit" ' " delegation of regulatory authority to the Town (*DJL Rest. Corp. v City of New York*, 96 NY2d 91, 95 [2001], quoting *People v De Jesus*, 54 NY2d 465, 468 [1981], quoting *Robin v Incorporated Vil. of Hempstead*, 30 NY2d 347, 351 [1972]). Instead, the language merely warns that the Commission's regulatory authority to issue or deny permits does not supplant authority that may also have been delegated to other agencies (*see* 6 NYCRR 646-1.6 [m]; *see generally* ECL 43-0117 [4]; 6 NYCRR 646-1.1 [a] [1]). Accordingly, the state has not delegated authority to respondents to regulate or review petitioner's construction of a dock within Lake George, and Supreme Court properly annulled the Board's determination.

Rose, J.P., Lahtinen and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.