# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

17
CA 13-01124
PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

BECKER-MANNING, INC., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

COMMON COUNCIL OF CITY OF UTICA, PLANNING BOARD
OF CITY OF UTICA, ZONING BOARD OF APPEALS OF CITY
OF UTICA AND BENDERSON DEVELOPMENT COMPANY, INC.,
DEFENDANTS-RESPONDENTS.

---

RICHARD E. KAPLAN, UTICA, FOR PLAINTIFF-APPELLANT.

MARK CURLEY, CORPORATION COUNSEL, UTICA (WILLIAM M. BORRILL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS COMMON COUNCIL OF CITY OF UTICA,
PLANNING BOARD OF CITY OF UTICA AND ZONING BOARD OF APPEALS OF CITY OF
UTICA.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (JOHN J. HENRY OF COUNSEL), FOR
DEFENDANT-RESPONDENT BENDERSON DEVELOPMENT COMPANY, INC.

--------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Oneida County (Bernadette T. Clark, J.), entered February 6,
2013.  The order and judgment granted defendants' motions to dismiss
the complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed with costs.

Memorandum:  In this action seeking a judgment declaring that
plaintiff's two parcels of property were zoned two-family residential,
plaintiff appeals from an order and judgment that dismissed the
complaint.  Supreme Court granted defendants' motions to dismiss the
complaint upon determining, inter alia, that no justiciable
controversy was presented because the municipal defendants conceded
that plaintiff's parcels were indeed zoned two-family residential.
"Pursuant to CPLR 3001, . . . [S]upreme [C]ourt may render a
declaratory judgment . . . as to the rights and other legal relations
of the parties to a justiciable controversy.  A declaratory judgment
action thus requires an actual controversy between genuine disputants
with a stake in the outcome, and may not be used as a vehicle for an
advisory opinion" (*Matter of Green Thumb Lawn Care, Inc. v Iwanowicz*,
107 AD3d 1402, 1405 [internal quotation marks omitted]).  Plaintiff in
its main brief does not challenge that determination by the court and
thus, having failed to present any argument with respect to that
dispositive determination, plaintiff is deemed to have abandoned any

contentions with respect to its propriety (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).  We note that, insofar as plaintiff's reply brief may be read to contend that the action presents a justiciable controversy, it is well settled that a contention raised for the first time in a reply brief is not properly before us (*see Stubbs v Capellini*, 108 AD3d 1057, 1059; *Turner v Canale*, 15 AD3d 960, 961, *lv denied* 5 NY3d 702).

In addition to determining that no justiciable controversy was presented, the court also determined that the action was time-barred, an alternative dispositive determination.  Plaintiff contends that the court erred in that respect because the municipal defendants failed to conduct a review pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8) prior to enacting the legislation that rezoned the parcels at issue, and the statute of limitations does not begin to run in such a case until the review is undertaken.  That contention is without merit.  "The Court of Appeals has consistently stated that in a proceeding alleging a SEQRA violation in the enactment of legislation, the challenge must be commenced within four months of the date of its enactment" (*Beneke v Town of Santa Clara*, 36 AD3d 1195, 1197, *lv dismissed* 8 NY3d 938, citing *Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 316-317 and *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202-203).  Like the Second Department, we have found "no reported case where any period longer than the four-month statute of limitations of CPLR 217 has been applied to SEQRA challenges" (*Matter of Dandomar Co., LLC v Town of Pleasant Val. Town Bd.*, 86 AD3d 83, 94).  Furthermore, "[t]o the extent that any of plaintiff's causes of action emanating from this issue could properly fall under a declaratory judgment action, those issues would be time-barred as well" (*Beneke*, 36 AD3d at 1197).

Inasmuch as plaintiff presented no argument with respect to the court's determination that there was no justiciable controversy and failed to cite or discuss the law applicable to the court's alternative determination that the action was time-barred, we affirm with costs.

Entered:  February 7, 2014                     Frances E. Cafarell
                                               Clerk of the Court